THE PENSACOLA & ATLANTIC RAILROAD COMPANY, APPEL-
LANT, 'VS. THE STATE OF FLORIDA, APPELLEE.

### REPEAL OF STATUTE IMPOSING CIVIL PENALTY.

1. In civil actions of a penal character, depending upon a statute, where the penalty enures to the State, the repeal of such statute pending an appeal will deprive the appellate court of any power to render a judgment by which the penalty may be enforced. The effect of a repealing statute is to obliterate the statute repealed as completely as if it had never been enacted, except for the purpose of those actions or suits that were commenced, prosecuted and concluded while it was an existing law. This rule has no application in Florida to penalties that are imposed in criminal cases as punishments for crime, because of section 32 of Article III of the constitution of 1885, which provides: "The repeal or amendment of any criminal statute shall not affect the prosecution or punishment of any crime committed before such repeal or amendment;" but to a civil suit for the recovery by the State of a penalty imposed by a statute for an act that is not denounced or punishable as a crime, the quoted saving clause in our constitution has no applicability, and the repeal of the statute imposing such penalty operates as a release or remission of such penalty, where there is no saving clause as to violations of such repealed statute; and after the repealing law takes effect no further proceedings can be taken under the law so repealed to enforce the penalty enuring to the State. This rule, in cases falling within its purview, applies as well to proceedings upon appeal in the appellate court as to proceedings in the court of original jurisdiction, and as well when the repeal of the law took effect after the removal of the cause to the appellate court, as before.

2. An action can not be considered as concluded while an appeal therein is pending before an appellate court having jurisdiction to review it.

This case was decided by Division A.

Appeal from the Circuit Court for Jackson county.

The facts in the case are stated in the opinion of the Court.

*W. A. Blount* and *Jno. H. Carter, for Appellant.*

*William B. Lamar, Attorney-General,* for the State.

TAYLOR, C. J.

Section 17 of Chapter 3746 laws, approved June 7th, 1887, entitled "An act to provide for the regulation of railroad freight and passenger tariffs in this State, * * * and to appoint commissioners and to prescribe guilty of a violation of the rules and regulations provides as follows: "That if any railroad company doing business in this State, by its agents or employes, shall be guilty of a violation of the rules and regulataions provided and prescribed by said commissioners, and if, after due notice of such violation given to the principal office thereof, ample and full recompense for the wrong or injury done thereby to any person or corporation, as may be directed by said commissioners, shall not be made within thirty days from the time of such notice, such company shall incur a penalty for each offense of not less than one hundred dollars, nor more than five thousand dollars, to be fixed by the presiding judge. An action for the recovery of such penalty shall lie in any county in the State where such violation has occurred, or wrong has

been perpetrated, and shall be in the name of the State of Florida. The commissioners shall institute such action through the Attorney-General or State Attorney."

Section 18 of the same act gives a right of action and recovery to individuals for any wrong or injury resulting to them through the violation by any railroad company of any rule or regulation provided by the commissiners, the rule of damages in any such case by an individual to be the same as in a similar action between individuals.

Under the provisions of said section 17 of said act above quoted, the State of Florida through its Attorney-General instituted suit in the Circuit Court of Jackson county against the appellant alleging a violation by it of a rule and regulation prescribed by the railroad commissioners in charging and collecting from a passenger the sum of eighty-five cents more for transportation fare on its road than the rate prescribed by such commissioners. This suit resulted in a judgment on June 6th, 1891, against the appellant for the sum of $1,000 and costs, that being the amount of the penalty fixed by the judge for the violation aforesaid. From this judgment, on the day of its rendition—June 6th, 1891—the defendant in open court took its appeal to this court.

In the assignments of error it is suggested to the court that subsequently to the rendition of such judgment, to-wit: on June 13th, 1891, the legislature of Florida enacted Chapter 4068 that, in express terms, absolutely repealed said Chapter 3746 and all acts amendatory thereof, upon which the said judgment was predicated, without reservation or saving clause, and that the unenforced penalty, suspended by the appeal, fell with the act authorizing it, and that the unconditional repeal of the law af-

fixing the penalty is itself a remission of such penalty, and that all that this court can now do is to reverse the judgment and order a dismissal of the suit. This suit, though in form a civil one at law, was for the recovery of a sum that was clearly penal in its character. Indeed the section of the statute under which it was brought characterizes it as a "penalty" to be recovered at the suit of the State. The law seems to be quite clearly settled that in actions of a penal character, depending upon a statute, the repeal of the statute pending an appeal will deprive the appellate court of any power to render a judgment by which this penalty may be enforced, and that the effect of a repealing statute is to obliterate the statute repealed as completely as if it had never been enacted, except for the purpose of those actions or suits which were commenced, prosecuted and concluded whilst it was an existing law, and that an action can not be considered as *concluded* while an appeal therein is pending before an appellate court having jurisdiction to review it. State *ex rel.* v. Canfield, 40 Fla. 36, 23 South. Rep. 591; First Nat. Bank of San Luis Obispo v. Henderson, 101 Cal. 307, 35 Pac. Rep. 899; Denver & R. G. Ry. Co. v. Crawford, 11 Colo. 598, 19 Pac. Rep. 673; Speckert v. City of Louisville, 78 Ky. 287; State of Maryland v. Balt. & Ohio R. R. Company, 3 How. (U. S.) 534; Norris v. Crocker, 13 How. (U. S.) 429; Yeaton v. United States, 5 Cranch, 281; Schooner Rachel v. United States, 6 Cranch, 329; Butler v. Palmer, 1 Hill (N. Y.), 324; Union Iron Co. v. Pierce, 4 Biss. 327, Fed. Cases, 583; Governor v. Howard, 1 Murphey (N. C.), 465; Mix v. Illinois Cent. R. Co. 116 Ill. 502, 6 N. E. Rep. 42; Musgrove v. Vicksburg & Nashville R. R. Co., 50 Miss. 677; Cooley's Const. Lim.

p. 469 (6th ed.) ; County of Menard v. Kincaid, 71 Ill. 587; Kay v. Goodwin, 6 Bing. 576, S. C. 4 Moore & Payne, 341, and 8 L. J. C. P. 212; Fitze v. State, 13 Tex. App. 372; Pinckard v. State, *Ibid.* 373. The principle announced in the two last cases cited, while applicable to the case under consideration, that is a civil suit for the recovery of a penalty not prescribed as a punishment for crime, would not be applicable in this State to the prosecution or punishment of a *criminal* for the commission of a *crime,* because of the presence in our constitution of the following section 32 of Article III: "The repeal or amendment of any criminal statute shall not affect the prosecution or punishment of any crime committed before such repeal or amendment." But were it not for this constitutional saving clause in criminal cases here, the rule announced in the two cited Texas cases would be applicable here to criminal cases, as was held in the case of Higginbotham v. State, 19 Fla. 557. But to a *civil* suit for the recovery of a penalty imposed by the statute for an act that is *not denounced or punishable as a crime,* the quoted saving clause from our constitution has no applicability, and the repeal of the statute imposing such penalty operates as a release or remission of such penalty where there is no saving clause as to past violations of such repealed statute; and after the repealing takes effect no further proceedings can be taken under the law so repealed to enforce the penalty; and, as was held in the case of Higginbotham v. State, *supra,* this rule applies to proceedings upon appeal in the appellate court, as well as to the court having original jurisdiction of the case, and as well when the repeal of the law took effect after the removal of the cause to the appellate court as before. The judgment here being in favor of the

State, there can, of course, arise no question of an improper divesting of vested right, as there can be no question as to the power of the State to release claims in its own favor.

It follows from what has been said that the judgment of the Circuit Court in said cause must be reversed and the cause dismissed at the cost of the appellee, and it is so ordered and adjudged.