(No. 34297.—

BOARD OF EDUCATION OF WILLIAMSVILLE COMMUNITY UNIT SCHOOL DISTRICT NO. 15 *et al.,* Appellants, *vs.* EVANS E. BRITTIN *et al.,* Appellees.

*Opinion filed June 17, 1957.*

412

G. W. HORSLEY and L. H. LENZ, both of Springfield, for appellants.

EDWIN C. MILLS and HARRIS & HARRIS, both of Lincoln, for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

A petition for detachment and annexation of certain school territory was granted by order of the County Board of School Trustees of Logan County, one of the defendants herein. The Board of Education of Williamsville Community Unit School District No. 15 of Logan, Sangamon and Menard counties and others, plaintiffs, filed suit for injunctive relief from enforcement of such order in the circuit

court of Logan County. Administrative review sought by plaintiffs in the trial court has been abandoned. The Appellate Court for the Third District affirmed the decree of the trial court dismissing the suit. Leave to appeal has been granted by this court.

The detachment proceeding was instituted under the provisions of article 4B of the School Code, (Ill. Rev. Stat. 1953, chap. 122, pars. 4B—2 *et seq.,*) and the order granting the petition was entered June 6, 1955. A copy of such order was served on the county superintendent of schools of Sangamon County on June 14, 1955.

Section 4B—5 of the School Code provides for review under the Administrative Review Act. (Ill. Rev. Stat. 1953, chap. 110, pars. 264-279.) At the time of entry and service of the county board's order, section 4 thereof (par. 267) provided a 35-day limit for filing a complaint to review.

On July 9, 1955, before the expiration of the 35-day period, section 4B—5 of the School Code and section 4 of the Administrative Review Act were so amended, *inter alia,* as to reduce the time of review from 35 days to 10 days. The amendatory legislation did not contain a general saving clause but provided that only actions which were pending in courts of record would not abate. No review of the administrative order was pending in the courts at the time the amended statutes were passed.

The Appellate Court concluded that the right of review as provided in section 4B—5 of the School Code and section 4 of the Administrative Review Act was procedural in character; that the legislature had the right to make such changes concerning these procedures as it saw fit and that therefore the administrative order in question became a final order and did not abate.

It is abundantly clear that the legislature has the right to change matters of procedure as pointed out by the Appellate Court. The issue here is whether or not the order

entered under a statute which provided a 35-day period of review became final before the expiration of such period because the legislature in the meantime reduced the time for review. Without detailing the undisputed facts or the changes of the statute, it is sufficient to state that the method of proceeding as originally instituted was greatly changed in other respects by the July 9, 1955, amendment.

The primary object in construing a statute is to ascertain and give effect to the true intent and meaning of the legislature in enacting it, and it is the intention of the lawmakers that makes the law. (*Hoyne* v. *Danisch*, 264 Ill. 467.) Courts are bound to presume that absurd consequences were not contemplated by the legislature, and a construction should be adopted which it is reasonable to presume was contemplated. (*Zelkovich* v. *Industrial Com.* 8 Ill.2d 146.) It appears from a reading of the amended statute (preserving only matters which were pending in courts of record) that, had it intended, the legislature would have expressly provided for preserving other proceedings pending in the administrative stages.

The legislature unquestionably knew of this court's holdings in *Lincoln Community High School District* v. *Elkhart Community High School District*, 414 Ill. 466, *Board of Education* v. *Nickell*, 410 Ill. 98, and *Dolan* v. *Whitney*, 413 Ill. 274, to the effect that unless there is a saving clause all pending actions must abate unless in conformity with the amendatory act. In these three cases reviews of the administrative action were pending in the courts and the effect of the amendment was to nullify the proceedings. There is no difference whether the cases were in the administrative stage, as here, or the court-of-record state in the foregoing cases, where there is no saving clause. We also pointed out in such cases that the Statutory Construction Act (Ill. Rev. Stat. 1955, chap. 131, par. 4) does not apply.

The legislature here did not expressly declare that all pending, unappealed administrative orders of detachment and annexation should become final and unappealable nor did it declare that such proceedings should not abate. The decisions in the cited cases command the conclusion that where a law is changed and given retroactive effect, reservation of any proceeding or parts thereof had under the old law must be expressly manifested.

The contention of defendants that the administrative order in this case is final would lead to a harsh result. While urging retroactive effect for the new law in the matter of the limitation period of review of the administrative order, defendants fail to urge a like status for other portions of the new law. The amended legislation contains material changes concerning venue, the filing of the petition and copy, the hearing, the record on review, service of the administrative order and others. (See sections 4B—2, 4B—4 and 4B—5 of the School Code, as amended.) Why defendants should be relieved from these other provisions of the amended statute which are given retroactive effect, but get the benefit of the lesser time for review, is difficult to perceive.

As pointed out in the *Dolan case,* the unconditional repeal of a special remedial statute without a saving clause stops all pending actions where the repeal finds them. If final relief has not been granted before the repeal goes into effect, it cannot be granted afterwards even if a judgment has been entered and the cause is pending on appeal. The reviewing court must dispose of the case under the law in force when its decision is rendered. Citing *People ex rel. Eitel* v. *Lindheimer,* 371 Ill. 367, 374.

In accordance with the views herein expressed we hold that it was the legislative intent that the administrative proceedings should abate and that the parties should proceed anew, if they should so desire, under the provisions of the

amended statute pertaining to detachment and annexation of school territory.

The judgment of the Appellate Court and the decree of the circuit court of Logan County are reversed and the cause is remanded to the circuit court of said county with directions to grant injunctive relief prayed in count I of the complaint.

*Reversed and remanded, with directions.*