PER CURIAM.
Pursuant to the provisions of Section 23 of Article V of the Florida Constitution, F.S.A., vesting in this Court inter alia exclusive jurisdiction over the discipline of persons admitted to the practice of law and authorizing this Court to provide for the handling of disciplinary matters in the circuit courts and the district courts of appeal, or by commissions consisting of members of the Bar to be designated by it, Article XI of the Integration Rule, 31 F.S.A., as the same appears on pages 3206, 3207, 3208 and 3209, Florida Statutes 1957, [except paragraph 6 thereof] is hereby re-adopted as a rule of this Court. Paragraph 6 of said Rule is hereby amended by striking said paragraph and inserting in lieu thereof the following:
“6(a) Disciplinary Matters in District Courts of Appeal and Circuit Courts. Whenever it shall be made known to any of the judges of the district courts of appeal or any judge of a circuit court in this state that a member of The Florida Bar practicing in any of the courts of his district or judicial circuit has been guilty of dishonest conduct or habits of general immorality or any such single act or crime of vice as may show him to be unfit for the trust and confidence reposed in him as an attorney or of deceit or misconduct in his office of attorney or of suppressing or attempting to suppress any testimony in any cause or of tampering with any record or of stirring up litigation or being drunk while the case under his charge is being considered in court or of any unprofessional acts as defined by the code of ethics adopted by this Court which unfit him for association with the fair and honorable members of the profession, such judge shall direct the state’s attorney for the circuit in which such attorney shall have his office to make in writing a motion in the name of The Florida Bar to disbar such attorney setting forth in the motion the particular acts of conduct for which the attorney is sought to be disbarred.
“(b) Copy Served Upon Accused. Upon the filing of such motion a copy thereof shall be served upon the accused attorney and he shall, within ten days after the service thereof, file his answer thereto.
“(c) Trial before Circuit Judge. Upon the filing of the answer the presiding *619 judge of the judicial circuit in which the accused attorney’s office is located shall designate one of the judges thereof to try and determine said cause; such judge shall conduct a hearing thereon and shall hear the evidence to be offered by The Florida Bar and the accused. Upon the conclusion of said hearing, said judge shall enter such judgment of reprimand, suspension or disbarment as shall be appropriate to the circumstances. Costs, including court reporter’s fees, shall be taxed against The Florida Bar or the accused in such manner as the court shall determine.
“The parties shall be entitled to compulsory process to enforce the attendance of any witnesses.
“(d) Judgment filed in Supreme Court. If the judgment be one of reprimand, suspension or disbarment, three certified copies of the same shall be forthwith filed by the clerk of the trial court with the Clerk of the Supreme Court of Florida. The Clerk of the Supreme Court shall forthwith retain one copy for his records, deliver to the executive secretary of The Florida Bar one copy of said judgment for his official records and shall serve the other upon the accused attorney.
“(e) Petition for Appellate Review. The provisions of paragraph 5(e) of this Article XI shall govern appellate review of judgments entered by the circuit court.
“(f) Duty to Expedite Proceedings. It shall be the duty of the state’s attorney who is directed to file said motion to promptly file the same and to expeditiously dispose of said controversy.
“(g) Concurrent Jurisdiction of The Florida Bar. The jurisdiction of the district court and circuit courts created by this Rule and the procedure herein outlined shall be concurrent with that of The Florida Bar under the preceding portions of this Rule. The forum first acquiring jurisdiction shall retain the same to the exclusion of the other until the final determination of the cause.
“(h) Reinstatement, of Disciplined Attorney. The provisions of paragraph S (i) of his Article XI shall govern all applications for reinstatement of suspended or disbarred attorneys without regard to the forum in which said proceedings were conducted.
“(i) Statutes Superseded. This Article shall supersede Sections 454.24, 454.25, 454.26, 454.27, 454.28, 454.29 and such parts of Sections 454.30, 454.31 and 454.32 as are in conflict herewith.”
TERRELL, C. J., and THOMAS, HOB-SON, ROBERTS, DREW, THORNAL and O’CONNELL, JJ., concur.