109 So.2d 1 (1959)
STATE of Florida ex rel. Walter G. ARNOLD, Relator.
v.
P.B. REVELS, as Circuit Judge of the Seventh Judicial Circuit of Florida, Respondent.
Supreme Court of Florida.
February 13, 1959.
*2 Richard W. Ervin, Atty. Gen. and Reeves Bowen, Asst. Atty. Gen., for respondent.
ROBERTS, Justice.
In original proceedings in Prohibition filed in this court, the Relator seeks to prohibit the respondent, as a circuit judge of the Seventh Judicial Circuit of Florida, from assuming or exercising any jurisdiction in the trial of disbarment proceedings pending against Relator in the Circuit Court of St. Johns County. The relator bottomed his suggestion for the writ on two grounds: (1) lack of jurisdiction of the St. Johns County Circuit Court, and (2) disqualification of the Respondent to preside in the trial of the disbarment proceedings. The Rule Nisi issued as prayed and the cause is now before the court on the respondent's motion to quash the Rule Nisi.
In the view that we have respecting the jurisdictional question, it is not necessary to decide whether the respondent erred in denying the relator's suggestion of disqualification  although in all the circumstances shown by this record it would appear that the respondent could, with propriety, have requested one of the other circuit judges in the Seventh Judicial Circuit to preside over the disbarment proceedings, and perhaps would have been well advised to do so, regardless of whether technical grounds for disqualification were sufficiently shown. Cf. State ex rel. Palmer v. Atkinson, 1934, 116 Fla. 366, 156 So. 726, 96 A.L.R. 539; Ball v. Yates, 1947, 158 Fla. 521, 29 So.2d 729.
The facts necessary to a determination of the jurisdictional question are as follows: On December 6, 1956, disbarment proceedings were filed against the relator in the St. Johns County Circuit Court under the provisions of Ch. 454, Fla. Stat. 1955, F.S.A. More than a year later, on April 2, 1958, disbarment proceedings were filed against relator in the Volusia County Circuit Court. St. Johns and Volusia counties are in the Seventh Judicial Circuit; and both orders directing the filing of disbarment proceedings against relator were signed by the respondent. Both proceedings were based on a criminal charge of bribery first instituted against relator by information filed in the St. Johns County Circuit Court but later filed in the Volusia County Circuit Court. The criminal charge pending against relator in St. Johns County was "nolle prossed" on the date that the Volusia County information was filed against him. The St. Johns County disbarment proceedings were not, however, dismissed, although no action was taken therein until May 16, 1958. On that date, the relator filed in both the St. Johns and the Volusia County disbarment proceedings identical motions to quash or dismiss on the ground of lack of jurisdiction for the reasons hereafter related. The respondent granted the motion as to the Volusia County disbarment proceedings and dismissed them; but he declined to dismiss the St. Johns County proceedings and set the cause down for trial. These prohibition proceedings were thereupon filed by the relator in this court.
As the basis for his motions to quash or dismiss the disbarment proceedings pending against him in the circuit courts of the Seventh Judicial Circuit, the relator contended, and here contends, that an order of this court entered May 9, 1958 [styled In re Integration Rule of The Florida Bar and reported in Fla., 102 So.2d 618] expressly superseded and nullified §§ 454.24-454.29, Fla. Stat. 1955, F.S.A., pursuant to which the proceedings in the Seventh Judicial Circuit had been filed, and vested jurisdiction of the trial of disciplinary matters in a circuit court of the judicial circuit in which the accused attorney's office is located, without any saving clause as to pending proceedings; and that, under well settled principles of law, the effect of the order of May 9, 1958, supra, was to oust the circuit courts of the Seventh Judicial Circuit of jurisdiction over the pending disbarment *3 proceedings against relator, whose office is maintained in Duval County in the Fourth Judicial Circuit. This contention is well taken.
While no decision on the point has been made by this court, it appears to be universally held in the courts of other states and the federal courts that when the jurisdiction of a court depends upon a statute which is repealed or otherwise nullified, the jurisdiction falls even over pending causes, unless the repealing statute contains a saving clause. See Bruner v. United States, 1951, 343 U.S. 112, 72 S.Ct. 581, 96 L.Ed. 786; Hallowell v. Commons, 239 U.S. 506, 36 S.Ct. 202, 60 L.Ed. 409; De La Rama S.S. Co. v. United States, 1952, 344 U.S. 386, 73 S.Ct. 381, 97 L.Ed. 422; Board of Education of Williamsville Community Unit School District No. 15 v. Brittin, 1957, 11 Ill.2d 411, 143 N.E.2d 555; City of Wildwood v. Neiman, 1957, 44 N.J. Super. 209, 129 A.2d 906; 50 Am.Jur., Statutes, p. 536; 82 C.J.S. Statutes § 439, p. 1012. Analogous to this rule is that relating to the repeal of a statute imposing a civil penalty inuring to the State; and it was said by this court in Pensacola & A.R. Co. v. State, 1903, 45 Fla. 86, 33 So. 985, 986, "The law seems to be quite clearly settled that in actions of a penal character, depending upon a statute, * * * the effect of a repealing statute is to obliterate the statute repealed as completely as if it had never been enacted, except for the purpose of those actions or suits which were commenced, prosecuted, and concluded whilst it was an existing law, and that an action cannot be considered as concluded while an appeal therein is pending before an appellate court having jurisdiction to review it." (Emphasis added)
We adopt the rule as to the effect of the repeal of a jurisdictional statute, as stated above, as supported by both reason and authority. As stated in De La Rama S.S. Co. v. United States, supra, 344 U.S. 386, 73 S.Ct. 381, 383, "When the very purpose of Congress is to take away jurisdiction, of course it does not survive, even as to pending suits, unless expressly reserved. * * * If the aim is to destroy a tribunal or to take away cases from it, there is no basis for finding saving exceptions unless they are made explicit."
Here, the situation is not simply the repeal of one jurisdictional statute by another; but the end result is the same. This is so for the following reasons: As of July 1, 1957  the effective date of revised Article V of the Florida Constitution, F.S.A.  the circuit courts of this state were ousted of whatever inherent disciplinary power over attorneys they had previously held, as well as the statutory power derived from Ch. 454, Fla. Stat. 1955, F.S.A. This necessarily follows from the clear and unambiguous language of § 23 of revised Article V, vesting in the Supreme Court of Florida "exclusive jurisdiction over the admission to the practice of law and the discipline of persons admitted." (Emphasis added.) The Legislature was likewise divested of any legislative control in this field by § 23 of Article V. See State ex rel. Florida State Bar v. Evans, Fla. 1957, 94 So.2d 730 Simultaneously, however, with the divesting of the circuit courts and the Legislature of jurisdiction in this field, and the vesting thereof exclusively in this court, this court gave back to the circuit courts the statutory power of discipline which the people, by their mandate in adopting revised Article V, had taken away. This it did by adopting Circuit Court Rule 3.1, effective July 1, 1957, (Vol. 31 F.S.A., 1957 Supp. p. 108)[1] which reads as follows:
"The provisions of Chapter 454, Florida Statutes Annotated 1955, relating to discipline or disbarment of attorneys, are hereby adopted as a rule of the Supreme Court of Florida. The Circuit Courts shall continue to have and exercise all of the powers and duties *4 set forth therein, subject to supervision and review of such proceedings by the Supreme Court, as provided in Section 23, Article V, Constitution of Florida. * * *"
Whether the St. Johns County circuit court entertained the disbarment proceedings against an attorney whose principal practice and office was in another county and judicial circuit, by virtue of "the necessary and inherent power vested in it to control the conduct of its own affairs and to maintain its essential dignity", State ex rel. Sheiner v. Giblin, Fla. 1954, 73 So.2d 851, or by virtue of the statutory authority derived fom Ch. 454, Fla. Stat. 1955, F.S.A., is beside the point. The essential fact remains that, by an organic mandate of the people, the circuit courts of this state were divested of all power, whether inherent or statutory, to discipline attorneys. The jurisdiction failed as completely as it would have if such jurisdiction had depended upon a statute that was repealed by another statute. And, as stated in Ex parte McCardle, 1868, 7 Wall. 506, 514, 19 L.Ed.2d 264, "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause. And this is not less clear upon authority than upon principle." Thus, under the rule of law referred to above and herein adopted, the jurisdiction of the St. Johns County circuit court over the disbarment proceedings pending against the Relator on July 1, 1957, would have failed except for the fact that such jurisdiction was kept alive by this court's Rule 3.1, supra. And it might be noted that, since the Volusia County disbarment proceedings were filed subsequent to July 1, 1957, its jurisdiction to entertain the proceedings also emanated solely from this Rule.
By its order of May 9, 1958, supra, this court adopted a Rule of Court that, in effect, divested all circuit judges in this state, except a circuit judge "of the judicial circuit in which the accused attorney's office is located", of jurisdiction to "try and determine" a disbarment proceeding. The May 9, 1958 order also expressly provided that §§ 454.24-454.29, and such parts of §§ 454.30-454.32 as were in conflict with the Rule therein adopted, were "superseded". Thus, instead of a statute repealing a statute upon which jurisdiction depends, we have here a Rule of Court repealing those portions of a statute, adopted as a Rule of this court by Rule 3.1, supra, upon which jurisdiction depended. As indicated above, there was no saving clause as to disbarment proceedings that might be pending in a judicial circuit other than that in which the accused attorney's office is located. When jurisdiction dependent upon a statute adopted as a Rule of Court is divested by another Rule of Court without a saving clause, the situation is exactly the same as though a jurisdictional statute is repealed by another statute. We conclude, therefore, that the jurisdiction over pending cases fails in the former case as well as in the latter, under the principle of law referred to above and adopted herein.
We have not overlooked the other contentions here made on behalf of the Respondent in support of jurisdiction but find such contentions to be devoid of merit.
For the reasons stated, the motion to quash the Rule Nisi is denied and the Rule in Prohibition is made absolute; except as to the right of the Respondent to transfer the case to the Circuit Court of the Fourth Judicial Circuit.
It is so ordered.
TERRELL, C.J., and THOMAS, HOBSON and DREW, JJ., concur.
NOTES
[1] Now 30 F.S.A. Rules of Civil Procedure, rule 1.5.