TILLMAN PEARSON, Judge.
The petitioner seeks to have reviewed an order of the Florida Real Estate Commission which adjudged him guilty and suspended his registration for a period of two years. The charge against petitioner was that he caused to be published, “information offering for sale real estate located in the State of Florida without first filing with the Florida Real Estate Commission full and complete copies or descriptions of said information published as required by Subsection 475.51(1) Florida Statutes.”[1]
The following dates appear to be relevant to a discussion on the principal point on appeal. The information against the petitioner was filed July 26, 1962. The hearing before the examiner was held October 1, 1963. The examiner’s recommendation was filed October 25, 1963, and a final order was entered November 27, 1963.
These dates become important because of the following allegation of the petition:
“g. That the Commission erred in denying the Motion to Dismiss of the Defendant GEWANT in that it patently appears that the Commission was deprived and divested of jurisdiction as *232 of September 1, 1963 and could not therefore enter any orders subsequent thereto and more particularly the final order of November 27,1963 from which this Petition for Certiorari is taken.”
Petitioner shows that on the 25th of July 1962, when the proceedings against him were instituted, § 475.51 Fla.Stat., was a subsisting part of Chapter 475, Fla.Stat. Therefore, the Florida Real Estate Commission had jurisdiction over violations of the law requiring real estate agents to file copies of promotional material. However, on May 21, 1963, while the proceedings were pending before the commission against the petitioner, Fla.Laws 1963, ch. 63-129, was enacted into law. This new law specifically provided that § 475.51 Fla.Stat. was repealed. No savings clause was included in the new statute. The provisions of the new law, Fla. Laws 1963, ch. 63-129, are now found as Chapter 478, Fla.Stat., and are known as the Florida Installment Land Sales Act. This act became effective on September 1, 1963, while the proceedings before the Commission were still pending against the petitioner. The effect of the new legislation was to remove from the jurisdiction of the Florida Real Estate Commission all authority relating to the administration of the laws concerning real estate advertising and other promotional material.
Petitioner thus presents the question of whether the repeal of § 475.51 during the pendency of the charges against him deprived the Florida Real Estate Commission of jurisdiction to proceed with charges for a violation of the section which occurred prior to the repeal. Appellant relies upon the reasoning of the Supreme Court of Florida in State ex rel. Arnold v. Revels, Fla.1959, 109 So.2d 1. The opinion in that case dealt with an original proceeding in prohibition to prevent a circuit judge from considering a disbarment petition against the relator. The rule in prohibition was made absolute except that it was provided that the circuit judge might transfer the case to another circuit court having jurisdiction. In that case disbarment proceedings were filed against the relator in the Seventh Judicial Circuit. The relator contended that the Supreme Court had by the integration rule of the Florida Bar expressly superseded and nullified the statute under which the proceedings were brought. The court held:
“While no decision on the point has been made by this court, it appears to be universally held in the courts of other states and the federal courts that when the jurisdiction of a court depends upon a statute which is repealed or otherwise nullified, the jurisdiction falls even over pending causes, unless the repealing statute contains a saving clause. See Bruner v. United States, 1951, 343 U.S. 112, 72 S.Ct. 581, 96 L.Ed. 786; Hallowell v. Commons, 239 U.S. 506, 36 S.Ct. 202, 60 L.Ed. 409; De La Rama S. S. Co. v. United States, 1952, 344 U.S. 386, 73 S.Ct. 381, 97 L.Ed. 422; Board of Education of Williamsville Community Unit School District No. 15 v. Brittin, 1957, 11 Ill.2d 411, 143 N.E.2d 555; City of Wildwood v. Nieman, 1957, 44 N.J.Super. 209, 129 A.2d 906; 50 Am.Jur., Statutes, p. 536; 82 C.J.S. Statutes § 439, p. 1012. Analogous to this rule is that relating to the repeal of a statute imposing a civil penalty inuring to the State; and it was said by this court in Pensacola & A. R. Co. v. State, 1903, 45 Fla. 86, 33 So. 985, 986, ‘The law seems to be quite clearly settled that in actions of a penal character, depending upon a statute, * * * the effect of a repealing statute is to obliterate the statute repealed as completely as if it had never been enacted, except for the purpose of those actions or suits which were commenced, prosecuted, and concluded whilst it was an existing law, and that an action cannot be considered as concluded while an appeal therein is pending before an appellate court having jurisdiction to review it.’ (Emphasis added)”
In addition, petitioner refers us to Pensacola & A. R. Co. v. State, 45 Fla. 86, 33 *233 So. 985, wherein it was held that the repeal of a civil statute imposing a penalty operates as a release or remission of such penalty where there is no savings clause.
The Respondent, Commission, admits the existence of this rule but urges that it has no application here because the repeal of § 475.51 did not divest the Florida Real Estate Commission of jurisdiction to enter a final order based on the previously filed information, due to the fact that the Florida Real Estate Commission still has jurisdiction of petitioner as a registered broker. It is urged further that § 475.25 is sufficient authority for bringing this action against petitioner, because Chapter 63-129 includes substantially former § 475.51; thus evidencing the legislative intention to retain the former provision of law in continuing effect, although in a modified form and under a different tribunal. Respondent refers us to cases collected at 82 C.J.S. Statutes § 439 and 50 Am.Jur., Statutes, § 555. He also cites 1 Sutherland, Statutory Construction § 2035 (1943) wherein the principal is stated as follows:
“ * * * When, however, an existing statute is re-enacted by a later statute in substantially the same terms, a repeal by implication is effectuated only of those provisions which are omitted from the re-enactment while the included provisions which are reenacted in the new enactment are considered as having been continuously in force.” (Emphasis supplied).
We must of course recognize the existence of both the rule and the exception. We hold that the rule is applicable and the exception is not, because the effect of Chapter 63-129 was to eliminate the jurisdiction of the Florida Real Estate Commission over this particular violation. It can be said that the intent of the legislature was to continue to regulate the particular activity with which the petitioner is charged, but it cannot be said that it was their intent to perpetuate (beyond the date of September 1, 1963) the power of the Florida Real Estate Commission to punish for violations of the repealed section. Therefore, while the violation charged may have been at all times forbidden by the law, the effect of the repeal of § 475.51, Fla.Stat., was to put an end to the authority of the Florida Real Estate Commission to punish for such violations.
Having concluded that the petition for certiorari must be granted, we do not consider the other grounds of the petition. The petition is granted and the final order of the Florida Real Estate Commission dated November 27, 1963 is quashed.
It is so ordered.

. “475.51 Promotive publication; filing with and approval by commission; fees.—
“(1) It shall be unlawful for any person to publish or cause to be published, a. by means of any newspaper or periodical which is printed outside of this state (except for classified or display ads relating to not more than five parcels, lots or tracts of land), b. by means of any radio or television broadcast, the point of wireless transmission of which is outside of the state, or e. by means of any written or printed matter produced by any duplicating process producing ten copies or more (other than newspapers or periodicals printed in this state) circulated or delivered outside the state, any information offering for sale or for the purpose of causing or inducing any other person to purchase or to acquire an interest in the title to real estate located in this state without first filing with the commission full and complete copies or descriptions of said information to be published, including any photographs or drawings or artist’s representations of physical conditions or facilities of the property existing or to exist. On. the occasion of each filing of information not relating to subdivided lands as defined in subsection (6) a fee of ten dollars shall be paid to the commission. Any duly registered real estate broker subject to the rules, regulations, and disciplinary action of the commission when engaged in the sale of lands not owned by said broker shall be exempt from the provisions of this subsection, unless said lands are subdivided lands as defined in subsection (6) hereof, in which event brokers shall not be exempt.”