654 So.2d 1007 (1995)
Mitchell KINZER, Appellant,
v.
STATE of Florida COMMISSION ON ETHICS, Appellee.
No. 94-1265.
District Court of Appeal of Florida, Third District.
May 10, 1995.
*1008 Simon Schindler & Sandberg and Theodore R. Dempster, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Virlindia Doss, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
COPE, Judge.
Mitchell Kinzer appeals a final order of the Florida Commission on Ethics. We reverse.
Kinzer has served for many years as a member of the Surfside Town Commission. Surfside is an incorporated municipality in Dade County, Florida, having a population of approximately 4,000 people. The Ethics Commission made a finding that Kinzer had violated the anti-nepotism law, § 112.3135, Fla. Stat. (1989), by reason of a 1990 vote in favor of his wife's appointment to an unpaid advisory board.[1] The Ethics Commission recommended imposition of a civil penalty,[2] and Kinzer appealed.
During the pendency of this appeal, the Legislature amended the anti-nepotism law. Insofar as pertinent here, the amended anti-nepotism law does "not apply to appointments to boards other than those with land-planning or zoning responsibilities in those municipalities with less than 35,000 population." § 112.3135(2)(a), Fla. Stat. (Supp. 1994), as amended by Ch. 94-277, § 2, Laws of Fla. Since the Town of Surfside has a population of approximately 4,000 people, the 1994 amendment applies to Surfside. Under the amended statute, there was no impropriety in Kinzer's voting on his wife's appointment to the advisory board.
Kinzer argues that the 1994 amendment worked a partial repeal of the anti-nepotism law insofar as it applies to municipalities like Surfside. He contends that the partial repeal requires that he be exonerated of the charge that he violated the anti-nepotism statute. We agree.
The anti-nepotism law is a civil statute of a penal nature. See City of Miami Beach v. Galbut, 626 So.2d at 194. Under section 112.317, Florida Statutes (1989), there are civil penalties for the violation of the anti-nepotism law, but no criminal penalties.[3] The Ethics Commission's recommendation *1009 in this case was the imposition of a civil penalty.
The rule applicable here is as follows:
This suit, though in form a civil one at law, was for the recovery of a sum that was clearly penal in its character. Indeed, the section of the statute under which it was brought characterizes it as a "penalty" to be recovered at the suit of the state. The law seems to be quite clearly settled that in actions of a penal character, depending upon a statute, the repeal of the statute pending an appeal will deprive the appellate court of any power to render a judgment by which this penalty may be enforced, and that the effect of a repealing statute is to obliterate the statute repealed as completely as if it had never been enacted, except for the purpose of those actions or suits which were commenced, prosecuted, and concluded whilst it was an existing law, and that an action cannot be considered as concluded while an appeal therein is pending before an appellate court having jurisdiction to review it... . [T]he repeal of the statute imposing such penalty operates as a release or remission of such penalty where there is no saving clause as to past violations of such repealed statute, and, after the repealing takes effect, no further proceedings can be taken under the law so repealed to enforce the penalty; and ... this rule applies to proceedings upon appeal in the appellate court, as well as to the court having original jurisdiction of the case, and as well when the repeal of the law took effect after the removal of the cause to the appellate court as before.
Pensacola & A.R. Co. v. State, 45 Fla. 86, 33 So. 985, 986 (1903) (citations omitted; emphasis added); Navarro v. Barnett Bank, 543 So.2d 304, 306 (Fla. 1st DCA 1989); Bureau of Crimes Compensation v. Williams, 405 So.2d 747, 748 (Fla. 2d DCA 1981), review denied, 412 So.2d 471 (Fla. 1982); Gewant v. Florida Real Estate Comm'n, 166 So.2d 230, 232-33 (Fla. 3d DCA 1964); see also State ex rel. Arnold v. Revels, 109 So.2d 1, 3 (Fla. 1959).[4] We conclude that the order finding Kinzer in violation of the anti-nepotism law must be reversed.[5]
The Ethics Commission also found that Kinzer had violated subsection 112.313(6), Florida Statutes (1989), by seeking and receiving reimbursement for an expenditure of $11.25 for dry cleaning. The Ethics Commission recommended that Kinzer be required to make restitution of the $11.25, and that a civil penalty be imposed. We reverse on this point as well.
Commissioners for the Town of Surfside receive $1.00 per year in compensation. The Town Commission passed a resolution authorizing Commissioners "to recover monies expended in behalf of the Town of Surfside for official representation, registration and expenses while attending established governmental and civil functions in an amount not to exceed $1,000.00 per year in office[.]"
At the time pertinent here, the reimbursement procedure was for the Commissioner to submit a reimbursement request to the Town Manager for approval. The Town does not have any written guidelines giving specific direction as to what expenses are reimbursable, and reimbursement requests were processed on a case-by-case basis. The Town Manager testified that he rarely questioned the Commissioners' expenditures. "There is a vast gray area where reasonable people can differ and I just got tired of debates about it, and I felt I would let each Commissioner use his own judgment unless there was something clearly out of line."
The Ethics Commission challenged Kinzer's receipt of reimbursements for eight items in April and May, 1990, totalling approximately $84.00. The hearing officer *1010 found in Kinzer's favor on seven of the eight items. The hearing officer ruled against Kinzer, however, on a dry cleaning bill in the amount of $11.25.
Kinzer testified that while attending a function on behalf of the Town, a waiter had spilled food on him. A similar incident had occurred several days previously. The $11.25 claim was for the dry cleaning expense occasioned thereby. The dry cleaning claim was clearly labelled as such when submitted to the Town Manager for reimbursement. The Town Manager authorized payment of the reimbursement.
The Ethics Commission proceeded against Kinzer under subsection 112.313(6), Florida Statutes (1989), which provides:
(6) MISUSE OF PUBLIC POSITION. 
No public officer or employee of an agency shall corruptly use or attempt to use his official position or any property or resource which may be within his trust, or perform his official duties, to secure a special privilege, benefit, or exemption for himself or others.
Id. (emphasis added).
One of the key terms in subsection 112.313(6) is the word "corruptly." It is defined by statute as follows: "`Corruptly' means done with a wrongful intent and for the purpose of obtaining, or compensating or receiving compensation for, any benefit resulting from some act or omission of a public servant which is inconsistent with the proper performance of his public duties." Id. § 112.312(7). "The statutory definition of `corruptly' in section 112.312(7) not only requires that the conduct complained of be done with a wrongful intent, it also requires that the `act or omission' be `inconsistent with the proper performance of [the public servant's] public duties.'" Blackburn v. State Comm'n on Ethics, 589 So.2d 431, 436 (Fla. 1st DCA 1991); see also Tenney v. State Comm'n on Ethics, 395 So.2d 1244, 1246 (Fla.2d DCA 1981).
We conclude that there is no substantial competent evidence to support a determination that Kinzer acted corruptly. The request for reimbursement clearly and accurately identified what the reimbursement was for. The Town had traditionally taken an expansive view of what constituted a reimbursable expense for commissioners.[6] The Town Manager approved this expenditure for payment, which he would do if he viewed the request as being somewhere within the zone of reasonableness. There simply is no substantial competent evidence which supports a determination that Kinzer acted with any wrongful intent, nor that he obtained some financial benefit inconsistent with the proper performance of his public duties. See Blackburn, 589 So.2d at 436. Consequently, we reverse the finding that Kinzer violated subsection 112.313(6).[7]
The final order of the Ethics Commission is reversed and the cause remanded with directions to enter a final order in favor of Kinzer.
NOTES
[1] The Town Attorney advised Kinzer that he had a legal duty to vote under section 286.012, Florida Statutes (1989), and that there was no exception for the anti-nepotism law.

The Legislature has since clarified the anti-nepotism law where the appointing authority is a collegial body. See § 112.3135, Fla. Stat. (Supp. 1994), as amended by Ch. 94-277, § 2, at 1962, Laws of Fla. The 1994 amendments were apparently prompted by the decision in City of Miami Beach v. Galbut, 626 So.2d 192 (Fla. 1993), aff'g Galbut v. City of Miami Beach, 605 So.2d 466 (Fla. 3d DCA 1992).
[2] If the Ethics Commission finds a violation, it is the duty of the Commission "to report its findings and recommend appropriate action to the proper disciplinary official or body[.]" § 112.324(7), Fla. Stat. (1993). The proper disciplinary official in this case is the Governor. Id. § 112.324(7)(a).

The final action by the Ethics Commission is an appealable order. Id. § 112.3241.
[3] The 1989 version of the statutory penalties is applicable to the 1990 appointment at issue here.
[4] The result is otherwise where there is a repeal or amendment of a criminal statute, because the Florida Constitution provides, "Repeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed." Art. X, § 9, Fla. Const. (1968); see also Pensacola & A.R. Co. v. State, 45 Fla. 86, 33 So. at 986 (construing 1885 Constitution).
[5] Kinzer argues alternatively that he is entitled to have the order reversed even if the anti-nepotism law had not been partially repealed, given the terms of section 286.012, Florida Statutes (1989), and the Town Attorney's interpretation thereof. We need not reach this issue.
[6] This view undoubtedly was influenced in part by the fact that the Commissioners receive a nominal salary of $1.00 per year.
[7] If the Ethics Commission believes that the substance of the Town of Surfside's reimbursement policy should be changed, or that the Town should adopt more particularized procedures, the Ethics Commission should make such a report and recommendation to the Town Manager or Commission.