PER CURIAM.
This cause is an appeal from a final administrative order issued by the Florida Commission on Ethics (“Commission”), concluding that Gary Siplin violated section 112.313(6), Florida Statutes (2006), by asserting his position- as a state senator to bully a deputy sheriff into permitting him access to a stadium parking lot through a barricaded roadway. We reverse.
Annually, Florida A & M University and Bethune-Cookman University play a football game at the Florida Citrus Bowl in Orlando, an event known as the Florida Classic. The Florida Classic is, in effect, a yearly festival for students, alumni, supporters, and fans of each school. Public officials áre encouraged and invited to attend, and in 2006, those invited included Florida State Senator Gary Siplin and his family.
The night before the game, Senator Sip-lin received his football game tickets, parking pass, and directions to travel to a designated parking area reserved for specific invited guests. The instructions directed Siplin to drive onto Rio Grande Avenue fi-om Carter Street to access this parking area. Approximately three to four hours before the game, Senator Siplin arrived at Rio Grande Avenue as directed; however, he encountered a barricade that blocked Rio Grande- Avenue and a law enforcement officer who prevented his use of this route. Siplin introduced himself to the deputy as “Senator Siplin” and requested passage. The deputy informed Siplin that the roadway was closed as a result of pedestrian traffic on Rio Grande Avenue. Therefore, in order to access the parking lot, Siplin would have to alter his planned route by driving two blocks further east on Carter Street. Siplin asked to see a supervisor. Once more, Siplin introduced himself as Senator Siplin to the supervisor, and insisted on access through the barricaded road, which was denied. Ultimately, law enforcement admitted Sip-lin through the barricade, but issued a traffic citation for .failure to obey traffic laws. Siplin challenged the citation in traffic court,- and appealed it after the traffic court’s ruling, which upheld the citation. After filing the appeal, Siplin paid the court-imposed fine.
Marcus Robinson was one of the Orange County deputy sheriffs who encountered Siplin. In the capacity of a concerned citizen, Robinson filed an ethics complaint against Siplin. The Commission investigated the claim, referred the matter to an administrative law judge, and ultimately concluded that Siplin had violated section 112.313(6), Florida Statutes, which provides standards of conduct for public officers.
In order to conclude that Siplin violated section 112.313(6), the Commission was required to find by clear and convincing evidence that Siplin, as a public officer, (1) used or attempted to use his official position (2) “to secure a special privilege, benefit or exemption” for himself or another and (3) acted “corruptly” in doing so, that is, with wrongful intent and for the purpose of benefiting himself or another person from some act or omission, which is inconsistent with the proper performance of his public duties. “Corruptly” is statutorily defined as being “done with a wrongful intent and for the purpose of obtaining, or compensating or receiving compensation for, any benefit resulting from some act or omission of a public servant which is inconsistent with the proper performance of his or her public duties.” § 112.312(9), Fla. Stat. (2006). To satisfy this statutory element, proof must be adduced that Siplin acted “with reasonable notice that [his or] her conduct .was inconsistent with the *152 proper performance of [his or] her public duties and would be a violation of the law or code of ethics.... ” Blackburn v. State, Comm’n on Ethics, 589 So.2d 431, 434 (Fla. 1st DCA 1991); see also Bennett v. Comm’n on Ethics, 871 So.2d 924, 926 (Fla. 5th DCA 2004); Kinzer v. State Comm’n on Ethics, 654 So.2d 1007, 1010 (Fla. 3d DCA 1995); Tenney v. State Comm’n on Ethics, 395 So.2d 1244, 1246 (Fla. 2d DCA 1981). The First District Court of Appeal was asked in Latham v. Florida Commission on Ethics, 694 So.2d 83 (Fla. 1st DCA 1997), to consider the proper standard of proof in proceedings before the Commission. The district court concluded that the touchstone of section 112.313(6) is its requirement that the public officer acted corruptly, a term that has penal nuances:
The statute under which Latham was charged, section 112.313(6), has as its touchstone the requirement that the public officer must not “corruptly use or attempt to use his or her official position ... [.]” The connotation generally given to the word “corrupt” suggests that one who is found guilty of being corrupt could well expect to be penalized. Moreover, the bearer of an officially-administered stamp of corruption, may find loss of livelihood among the least of his worries. The wake of such censure can easily sweep away business and political ambitions, station in the community, and the respect and love of family and friends. Personal wealth is, under the holding of Osborne Stem, entitled to the prophylactic benefit of the clear and convincing burden of proof. Yet, our Western ethical tradition teaches us, “A good name is better than fragrant oil.” The Holy Scriptures, Ecclesiastes, 7:1 (Jewish Publication Society, 1985).
Id. at 86.
Substantial competent evidence does not support the administrative law judge’s factual findings, which were adopted by the Commission, concluding that Siplin acted “corruptly.” As the administrative law judge found, Siplin disobeyed the law and the deputies’ instructions, was ticketed for his disobedience, and ultimately, paid the ticket for his willful refusal to obey the traffic laws and instructions. No allegation has been made that Siplin used his position in an attempt to avoid receiving or paying the traffic citation. Instead, the ethics violation is based on his allegedly using his position to bully Deputy Robinson into letting him access the parking lot through a barricaded route. The Commission points to no law or ethics code that prohibited Siplin from asking to go through the barrier. In fact, Siplin was ultimately allowed to go through the barricade not because he was “corruptly” using his official position as a state senator but because he was creating a scene by refusing to move his vehicle as instructed by law enforcement. On this issue, Deputy Robinson testified:
I explained to my corporal throughout the interaction that we were dancing around the line of making an arrest of a senator for failure to obey a police officer. We definitely wanted to err on the side of caution, so to end the incident, we still had traffic flowing behind him on Carter, there were still cars now seeing someone else pulling into the direction we had blocked off. There are now other cars that are being waved on and also pulling behind the senator’s car. We needed to alleviate the situation in the quickest manner.
This opinion should not be read to indicate the approval of Senator Siplin’s conduct. However, his conduct does not rise to the legal definition of acting corruptly for purposes of violating section 112.313(6).
REVERSED.
*153 SAWAYA, PALMER, JJ., and SILVERNAIL, J., Associate Judge, concur.