# Third District Court of Appeal

## State of Florida

Opinion filed August 4, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-380
Lower Tribunal Nos. 20-AP-15-K & 20-TR-3597-A-K

_____

**James Nelson o/b/o minor child, N.N.,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the County Court for Monroe County, Peary S. Fowler, Judge.

James Nelson, in proper person.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

ON MOTION TO DISMISS APPEAL

Before SCALES, HENDON and BOKOR, JJ.

PER CURIAM.

James Nelson, on behalf of his minor child, "N.N.," appeals a county court order denying his motion to vacate N.N.'s plea of no contest to a civil traffic infraction.[1] This appeal originated in the appellate division of the Monroe County Circuit Court by virtue of Nelson's December 1, 2020 filing of a notice of appeal in the county court. Presumably believing that the jurisdictional change occasioned by the enactment of new legislation[2] required the transfer of this appeal to the district court, the Monroe County Clerk of Courts transferred this appeal to this Court. The State now moves to dismiss the instant appeal on the ground that appellate jurisdiction lies in the circuit court. We agree that we lack subject matter jurisdiction over the appeal, but, rather than dismiss the appeal, we treat the State's motion to

---

[1] The county court judge accepted the no contest plea and withheld adjudication.

[2] Effective January 1, 2021, this Court's subject matter jurisdiction was enlarged to include appeals from most orders of the county court. See Ch. 20-61, § 3, Laws of Fla. (amending section 26.012(1) of the Florida Statutes and repealing section 924.08 of the Florida Statutes). Those appeals over which the district court gained jurisdiction that were then-pending in the circuit court were required to be transferred to the district courts. See State ex rel. Arnold v. Revels, 109 So. 2d 1, 3 (Fla. 1959) ("[W]hen the jurisdiction of a court depends upon a statute which is repealed or otherwise nullified, the jurisdiction falls even over pending causes, unless the repealing statute contains a saving clause."); Fla. R. App. P. 9.040(b)(1) ("If a proceeding is commenced in an inappropriate court, that court shall transfer the cause to an appropriate court.").

dismiss as a motion to transfer venue to the circuit court's appellate division and grant same.

"If a person is found to have committed an infraction by the *hearing official*, he or she may appeal that finding to the circuit court." § 318.16(1), Fla. Stat. (2021) (emphasis added). Chapter 318 defines "official" as "any *judge* authorized by law to preside over a court or hearing adjudicating traffic infractions." § 318.13(4), Fla. Stat. (2021) (emphasis added). Thus, section 318.16 vests the circuit court with appellate jurisdiction over a county court judge's determination with respect to a civil traffic infraction. See § 26.012(1) Fla. Stat. (2021) ("Circuit courts shall have jurisdiction of . . . appeals as otherwise expressly provided by law.").[3] Jurisdiction to hear traffic infraction appeals was not transferred to the district courts by virtue of the enactment of section 3 of Chapter 20-61, Laws of Florida.

Appeal transferred.[4]

---

[3] "Hearing officers" are also "empowered to accept pleas from and decide the guilt or innocence of any person, adult or juvenile, charged with any civil traffic infraction and shall be empowered to adjudicate or withhold adjudication of guilt in the same manner as a county court judge . . . ." § 318.32(1), Fla. Stat. (2021). The circuit court also has appellate jurisdiction over civil traffic determinations made by hearing officers. See § 318.33, Fla. Stat. (2021).

[4] We express no opinion on the merits of the appeal.