# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Nos. 1D2024-0682
1D2024-0720
1D2024-0748
(Consolidated for disposition)

_____

T. MICHAEL GLENN TRUST,
BRUCE HEALY, and LAKE
PARTNERS, LLC,

    Petitioners,

    v.

WALTON COUNTY, FL, et al.

    Respondents.

_____

Petition for Writ of Certiorari—Original Proceeding.

February 18, 2026

PER CURIAM.

Petitioners seek review of a final judgment that affirmed, under section 163.035, Florida Statutes, the existence of recreational customary use on various Walton County beachfront properties, including parcels owned by the Petitioners. For the reasons discussed below, the petition is dismissed.

In 2017, Respondent Walton County adopted an ordinance establishing and protecting the public's "long-standing customary

use of the dry sand areas of all of the beaches in the County for recreational purposes." WALTON COUNTY, FLA., CODE § 23-2 (Mar. 28, 2017). In 2018, the legislature enacted section 163.035, Florida Statutes, adopting the procedure a governmental entity must follow when it seeks to establish the existence of recreational customary use on private property. The County complied with the statutory notice requirements and, in December 2018, initiated the underlying proceeding by filing a complaint under section 163.035 and chapter 86, Florida Statutes, in the circuit court. A bench trial was set, but every claim brought by represented intervening parties at that point had been either dismissed or settled. The County then filed nine motions for summary judgment, each motion relating to a different beach area within the County. The circuit court granted the motions.

In February 2024, the circuit court entered its final judgment under section 163.035 declaring the County had established the existence of customary use and affirming the public's limited right of customary use on the dry sand beach above the mean high-water line with respect to the remaining parcels, which included those owned by Petitioners. Petitioners timely sought review of the final judgment. The case was initially filed as a direct appeal, which this Court treated as a petition for writ of certiorari. While the appeal was pending, the legislature repealed section 163.035. *See* Ch. 2025-178, § 1, Laws of Fla. This Court directed the parties to address the effect of the statutory repeal at oral argument.

At oral argument, the parties conceded the final judgment is a nullity. We agree. With the enactment of chapter 2025-178, section 1, the final judgment has no more legal effect, leaving no harm to be remedied. *Cf. State ex rel. Arnold v. Revels*, 109 So. 2d 1, 3 (Fla. 1959) ("While no decision on this point has been made by this court, it appears to be universally held in the courts of other states and the federal courts that when the jurisdiction of a court depends upon a statute which is repealed or otherwise nullified, the jurisdiction falls even over pending causes, unless the repealing statute contains a savings clause.").

Yet, the parties continued to argue the merits. When asked about the effect of the statutory repeal, the County posited the statutory repeal brought the parties back to "square one." The

County could not say whether the 2017 ordinance was revived but affirmed its previous posture that the 2017 ordinance was invalidated by section 163.035 and no longer in effect. The County believed it had discretion to adopt a new ordinance regulating customary use under home rule power. When asked what harm was left to be remedied, Petitioners claimed uncertainty if the final judgment was not quashed. Petitioners hypothesized that the Sheriff might not enforce trespass calls and argued the recorded final judgment operated as a cloud on their title.

Certiorari is an extremely rare remedy that will be granted in very few cases. *See Swift Response, LLC v. Routt*, 401 So. 3d 640, 642 (Fla. 1st DCA 2025). To invoke this Court's extraordinary jurisdiction, Petitioners must demonstrate substantial and immediate harm flowing from the now nullified final judgment. Petitioners have not done so. They have only asserted abstract, hypothetical harm that cannot satisfy the jurisdictional harm requirement. *Id.* at 643.

For these reasons, the petition is DISMISSED.

ROBERTS, RAY, and KELSEY,[*] JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

D. Kent Safriet and Valerie L. Charter-Hogancamp of Holtzman Vogel Baran Torchinsky & Josefiak PLLC, Tallahassee, for Petitioners T. Michael Glen Trust and Lake Partners, LLC.

_____

[*] Judge Kelsey was substituted for an original panel member after oral argument. She has reviewed the parties' briefs, the record, and the recording of the oral argument.

Chance Lyman of Buchanan Ingersoll & Rooney PC, Tampa; Kyle Brandon Teal, Miami, for Petitioner Bruce Healy.

Benjamin Clayton Iseman of Maynard Nexsen PC, Winter Park, for Petitioner Lake Partners, LLC.

David Allen Theriaque, Steven Brent Spain, and Benjamin R. Kelley of Theriaque & Spain, Tallahassee; Glenn Thomas Burhans, Jr., Reginald Luc Bouthillier, Jr., Bridget Kellogg Smitha, Douglas Lamar Kilby, and Christopher Roy Clark of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Tallahassee; Michael J. Harwin of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Fort Lauderdale, for Respondent Walton County, FL.

William James Dunaway, Pensacola; Mary Grace Gatewood of Clark Partington, LLP, Destin, for Respondents 79 Lupine Road, LLC, Charles and Adrian Cowan, Walter Edwin Lydick, Jr., Christopher Curran Lydick, Barbara B. Middleton, Twin Dunes Estates, LLC, Bella Waves I, LLC, and Bella Waves II, LLC.

David Smolker and Robert Clayton Mathews of Smolker Matthews, LLP, Tampa, for Respondents Julie Ann Belcher; Craig Fleming, as owner of units A & B in the Crosswinds Condominium with an undivided ownership interest in the Crosswinds common area beachfront parcel; Crosswinds Condominium Association of Panama City Beach, Inc.; David F. Radlmann as Trustee of the 457 W. Park Place Revocable Trust Agreement dated May 25, 2019; George Sertl, Jr.; Alayne Sertl; and Joseph and Jan Delozier.

Dana Carl Matthews and C. Stephen Tatum of Matthews & Matthews, LLP, Destin, for Respondents 8028 Escape LLC; Blue Mountain Retreat, LLC; Elton B. Stephens, Jr. 2012 Child's Trust; Investment Partners IV, LLC; Kenneth R. Goulet; Tatjana Keller Hagen; Joan C. Henderson Irrevocable Trust; John A. Drillot Irrevocable Grantor Trust, dated January 1, 2008; Lloyd Investment Company; Zachary Mayer and Lindsay Mayer; Myron and Teresa Palmer; Andrea D. Rockefeller; Ruth, LLC; Seagrove Beach Investment Property, LLC; Toscana 41, LLC; Valentina Aldrete Revocable Trust; and WG Development LLC.

David Brand Pleat, Destin, for Respondents Gretchen A. Bodin; Elizabeth H. Benton, et al.; William R. and Tracee F. Hodges; Michael D. Martin; MD Miramar Properties, LLC; and MD Miramar Properties II, LLC.

Darryl Steve Traylor, Jr., and Tadeusz Augusta Borowski, of Borowski & Traylor, P.A., Pensacola for Respondent Julie Wise Oreck.