**AMERICAN–HAWAIIAN STEAMSHIP COMPANY, as owner of the American Steamships THE HONOLULAN, THE OREGONIAN and THE MONTANAN, Libelant,**

v.

**The UNITED STATES of America, Respondent.**

United States District Court
S. D. New York.
Feb. 19, 1957.

Kirlin, Campbell & Keating, New York City, for libelant, Clement C. Rinehart, New York City, of counsel.

Paul W. Williams, U. S. Atty., Southern Dist. of New York, New York City, for respondent, Benjamin H. Berman, Atty., Admiralty & Shipping Section, Dept. of Justice, Washington, D. C., of counsel.

DAWSON, District Judge.

This is a motion that a supplemental decree be entered in each of the above entitled actions adjudging that the libelant is entitled to recover interest as provided for in the Suits in Admiralty Act, 46 U.S.C.A. §§ 743, 745, at the rate of 4% on the principal amounts provided for in the decrees heretofore entered herein, covering the period from the date the libels were filed until the date of payments of the amounts provided in said decrees.

There seems to be no controversy as to the material facts. It appears that these actions were started by the filing of libels in 1944. The actions were based on policies of war risk insurance issued by the War Shipping Administration covering three of libelant's steamships which were sunk by enemy action during World War II. The policies provided that in case of total loss the respondent would pay "just compensation * * * determined in accordance with § 902, Merchant Marine Act of 1936, as amended." See 46 U.S.C.A. § 1242(a).

It also appears that while the actions were pending in this court, the attorneys for the libelant and the representatives of the Department of Justice who were the attorneys for the respondent, agreed that the trial of these three actions should remain in abeyance pending determination of certain test cases then pending in the Court of Claims. In fact the respondent did not file answers in the present actions until 1947, almost three years after the actions were instituted. It is stated that the test cases were not finally decided until July 12, 1955 and certiorari was not denied in one of them until October 19, 1955. Thereafter negotiations were carried on

between the parties with the result that consent decrees were entered in the above three actions on July 9, 1956, providing for payment by respondent to libelant of certain principal sums.

These decrees provided in part:

"Ordered that this decree shall be without prejudice to the entry of a supplemental decree against the respondent in this suit for the interest, if any, to which the Court may hold the libelant entitled, after application therefor by the libelant and hearing the parties, reserving to both parties the right to appeal from any such supplemental decree."

The application is now made for such supplemental decrees to provide interest.

The right of libelant to interest in actions of this nature rests upon the provisions of the Suits in Admiralty Act, and in particular the applicable provision thereof reading as follows:

"That such suits shall proceed and shall be heard and determined according to the principles of law and to the rules of practice obtaining in like cases between private parties. A decree against the United States or a [United States] corporation * * * may include costs of suit, and when the decree is for a money judgment, interest at the rate of 4 per centum per annum until satisfied, or at any higher rate which shall be stipulated in any contract upon which such decree shall be based. Interest shall run as ordered by the court * * *." 46 U.S.C.A. § 743.

■ The provisions of the Suits in Admiralty Act apply to actions against the United States on policies issued under the War Risk Insurance Act of June 29, 1940, 54 Stat. 689, 690, as amended,

46 U.S.C.A. § 1128d. See De La Rama S.S. Co. v. United States, 1953, 344 U.S. 386, 73 S.Ct. 381, 97 L.Ed. 422.

In certain cases decided in this court, involving the same statutes, interest was allowed from the date of filing the libel to the date of the decree.[1] The test case in the Court of Claims when finally determined allowed interest as part of the just compensation to which libelants were held to be entitled. American-Hawaiian S.S. Co. v. United States, 1955, 133 F.Supp. 369, 132 Ct.Cl. 246. The Court must therefore assume that if these actions had gone to trial and decrees entered after trial, libelant would have been equally successful in securing an award of interest. This interest apparently is allowed as part of the just compensation to which libelant was entitled. See American-Hawaiian S.S. Co. v. United States, 1954, 124 F.Supp. 378, 384, 129 Ct.Cl. 365, certiorari denied, 1955, 350 U.S. 863, 76 S.Ct. 103, 100 L.Ed. 766.

The respondent does not contend that interest is not allowable here as a matter of law. Respondent rather takes the position that the Court, in the exercise of its discretion, should deny the application for interest on the ground that the lapse of many years between the filing of the libels and the entry of the consent decrees was due to delays on the part of libelant in bringing the actions to a determination. If such were the case, disallowance of some, or all, of the interest might be proper.

However, the facts do not seem to support respondent's contention. Although the libels were filed in 1944, answers of respondent were not filed until 1947. Furthermore, it appears from the correspondence attached to the answering affidavit that respondent agreed that it would "be appropriate to wait until the Court of Claims cases are decided be-

1. American-Hawaiian S.S. Co. v. United States, D.C.S.D.N.Y.1949, 85 F.Supp. 815, affirmed, 2 Cir., 1951, 191 F.2d 26, certiorari denied, 1952, 342 U.S. 941, 72 S.Ct. 553, 96 L.Ed. 700; De La Rama S.S. Co. v. United States, D.C.S.D.N.Y. 1950, 92 F.Supp. 243; Id., D.C.S.D.N.Y. 1951, 98 F.Supp. 514, reversed, 2 Cir.,

1952, 198 F.2d 182, reinstated, 1953, 344 U.S. 386, 73 S.Ct. 381, 97 L.Ed. 422; Calmar S.S. Corp. v. Scott, D.C.S.D.N.Y. 1951, 103 F.Supp. 243, reversed, 2 Cir., 1952, 197 F.2d 795, reversed, 1953, 345 U.S. 427, 73 S.Ct. 739, 97 L.Ed. 1125, remand, 2 Cir., 1954, 209 F.2d 852.

fore making any arrangements with respect to cases pending in this jurisdiction."

The use of test cases to avoid loss of time and expense to the court and parties is a procedure which may well be encouraged. Apparently respondent, as well as libelant, wished to use this procedure and the delay in bringing the actions to a conclusion can no more be blamed on libelant than on respondent. While it is true that the initiative is ordinarily with the libelant, nevertheless a respondent can, if it wishes, insist that a pending action be brought promptly to trial, and if an action is unduly delayed can move to have it dismissed for lack of prosecution. The papers on this motion do not show any effort on the part of the respondent to get a quick trial of these actions. The papers show that the Government allowed the actions to proceed at a snail's pace while awaiting the determination of test cases and while negotiations were pending in Washington. It was apparently for the convenience of the Government that the delays ensued.

Under the circumstances there would seem to be no good reason why libelant in these actions should fare differently than the libelants in the test actions. The motion is granted. Settle supplemental decrees on notice.