**UNITED STATES of America, Libellant-Appellee,**

v.

**Allen W. HAYES, Respondent-Appellant.**

**No. 130, Docket 25250.**

United States Court of Appeals Second Circuit.

Argued Feb. 13, 1959.

Decided March 20, 1959.

Kenneth P. Ray, Asst. U. S. Atty., Syracuse, N. Y. (Theodore F. Bowes, U. S. Atty., and Charles J. Miller, Asst. U. S. Atty., Syracuse, N. Y., on the brief), for libellant-appellee.

Merrill Armour, Washington, D. C. (Armour, Herrick, Kneipple & Allen, Washington, D. C., on the brief), for respondent-appellant.

Before MEDINA, LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

The United States instituted a libel to recover a civil penalty as provided by 49 U.S.C.A. § 621, repealed August 23, 1958, 72 Stat. 806. The libel charged Allen W. Hayes with violating Airworthiness Directive 57–13–8 and Section 43.20 of the Civil Air Regulations, in a flight made September 27, 1957. This directive required the installation of a device that will prevent landing gear retraction when the aircraft is on the ground. Hayes admits violating the directive, but asserts that it adversely affects the safe operation of aircraft because "a pilot should have the option of deliberate gear retraction in order that he may stop the

plane when a sudden emergency demands it."

Under this state of facts the District Court on a motion for Summary Judgment held that Hayes had failed to comply with the regulations propounded by the Civil Aeronautics Administrator and hence was subject to the statutory penalty. We have no alternative other than to affirm. If Hayes wished to challenge the Airworthiness Directive he could have petitioned the Civil Aeronautics Board for a hearing to review it, pursuant to 14 C.F.R. Part 301, and, if not satisfied that the Administrator acted upon substantial evidence, could have sought judicial review under 49 U.S.C.A. § 646. Accordingly, there is a clear failure to exhaust administrative remedies. See United States v. Ruzicka, 1946, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290; United States v. Hinman Farms Products, Inc., D.C.N.D.N.Y.1957, 156 F. Supp. 607.

Affirmed.