**UNITED STATES of America**

v.

**Reinaldo CARABALLO and Julio Rivera, Defendants.**

**No. 71 Cr. 84.**

United States District Court,
S. D. New York.

July 19, 1971.

Whitney North Seymour, Jr., U. S. Atty., S. D. New York, New York City, for United States; Walter J. Higgins, Jr., Asst. U. S. Atty., of counsel.

Cheriff, Greenberg & Tuchman, New York City, for defendant Caraballo; Arnold L. Greenberg, New York City, of counsel.

Albert J. Brackley, Brooklyn, N. Y. for defendant Rivera.

OPINION

EDWARD WEINFELD, District Judge.

The defendants, convicted after trial to a jury for violation of 26 U.S.C. section 4705(a) (selling or giving away cocaine without an order form), were sentenced on June 4, 1971 to the minimum mandatory term of five years, authorized under 26 U.S.C. section 7237(b). They now move for a correction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, based upon a claim that the enactment of the Comprehensive Drug Abuse Prevention and Control Act of 1970,[1] which became effective May 1, 1971 (hereafter the new Act), repealed various former Narcotics Control Acts, including section 7237(b) of Title 26, and therefore the mandatory sentence imposed was illegal.

The offenses charged in the indictment were committed on January 16 and 17, 1969. The indictment was filed on January 25, 1971. The trial was commenced on April 28 and the jury returned its verdict on April 30. Since sections 4705(a) and 7237(b) of Title 26, United States Code, were then in effect, the court, upon the return of the jury verdict, could have forthwith imposed sentence thereunder. However, the court, pursuant to its usual policy, desired detailed information about the defendants before sentencing and ordered a presentence investigation and report; consequently, the sentences were necessarily deferred and were not imposed until June 4, 1971, by which time the new Act was in effect. The defend-

1. Pub.L. No. 91–513, 84 Stat. 1236.

ants now claim the court was not mandated to impose a minimum five-year sentence under the old Act, but was vested with discretion under the new Act, which, with respect to the crimes of distributing or dispensing certain enumerated drugs, including cocaine, or possessing them with intent to do so, authorizes a sentence of imprisonment up to fifteen years and a fine of not more than $25,000, or both; [2] Accordingly, they seek correction of sentence and the exercise of the court's discretion under the provisions of the new Act.

Section 1103(a) of the new Act provides: "Prosecutions for any violation of law occurring prior to the effective date of section 1101 shall not be affected by the repeals or amendments made by such section or section 1102, or abated by reason thereof." The thrust of the defendants' argument is that the foregoing clause only saved "prosecutions," and since it did not refer to "sentences" the clause did not apply to section 7237(b), the section which governed sentences with its minumum mandatory provision; therefore the latter section was repealed and not in effect on June 4, 1971. In sum, their argument, however stated, is that "prosecution" and "sentencing" are two entirely different procedures; that the defendants were properly prosecuted under section 4705 (a), which defines the crime; that that section was saved; that they were not and could not have been prosecuted under section 7237(b), which merely authorizes the imposition of

sentence following a successful prosecution, and therefore section 1103(a) does not apply to that section. I find this contention without merit and the attempt to separate "prosecution" from "sentence" quite unrealistic and in disregard of the savings clause of the new Act. The language itself is clear. Since section 1101 repeals both sections 4705(a) and 7237(b) of Title 26, United States Code, section 1103, for the purposes of the application, could be paraphrased as follows: "Prosecutions for any violation of section 4705(a) occurring prior to the effective date of section 1101 shall not be affected by the repeal of section 7237(b)."

The sole reference to section 1103 in the report of the House Committee on Interstate and Foreign Commerce, H.R. Rep. No. 91–1444, 91st Cong., 2d Sess. (1970), 1970 U. S. Code Cong. and Admin. News, pp. 4566, 4647, merely restates it. The clear intent of the Act is to give judges greater flexibility in the matter of sentencing (see id. at p. 4576); however, this has no bearing on when the Act is to take effect.

Also to be considered is 1 U.S.C. section 109, the general savings statute which provides that no penalty incurred under a repealed statute shall be affected by the repeal "unless the repealing Act shall so expressly provide." The new Act contains no such express provision, and its savings clause is entirely consistent with the general savings act.[3]

The motion is denied.

---

2. Pub.L. No. 91–513 § 401(b) (1) (A). Since the identical crime under the old statute was not made a crime under the new, a question exists that this provision may be applied. In this circumstance alone, there is substantial reason for denying the defendants' motion, since clearly Congress did not intend to grant amnesty to those convicted of crimes under the prior Act.

3. See United States v. Reisinger, 128 U.S. 398, 9 S.Ct. 99, 32 L.Ed. 480 (1888); United States v. Brown, 429 F.2d 566 (5th Cir. 1970); United States v. Kirby, 176 F.2d 101 (2d Cir. 1949); cf. De La Rama S.S. Co. v. United States, 344 U.S. 386, 73 S.Ct. 381, 97 L.Ed. 422 (1953).