UNITED STATES of America,
Appellee,

v.

Stanley WOODEN, Appellant.

No. 305, Docket 71–1751.

United States Court of Appeals,
Second Circuit.

Argued Nov. 29, 1971.

Decided Dec. 7, 1971.

Howard J. Stechel, Asst. U. S. Atty. (Robert A. Morse, U. S. Atty., E.D.N.Y., and David G. Trager, Asst. U. S. Atty., on the brief), for appellee.

Allen Lashley, Brooklyn, N. Y. (Edward Malz, Brooklyn, N. Y., on the brief), for appellant.

Before LUMBARD, WATERMAN and FEINBERG, Circuit Judges.

PER CURIAM:

We affirm the judgment of conviction for violating the narcotics laws, 21 U.S. C. § 174, 26 U.S.C. § 4705(a), and 18 U.S.C. § 2, repealed after conviction by the Comprehensive Drug Abuse Prevention and Control Act of 1970, P.L. 91–531, effective May 1, 1971. The evidence relating to the conspiracy count, that narcotics transactions occurred between appellant's brother and the government agent each time after the latter had telephoned appellant to arrange a meeting with the brother, was allowable as probative of the substantive crime charged of passing heroin to the agent, and the dismissal of the conspiracy count late in the trial did not render the evidence inadmissible. *Cf.* United States v. Branker, 418 F.2d 378 (2 Cir. 1969). We do not need to consider the government's claim that the conspiracy count was improperly dismissed.

Of course, the district court is free to entertain motions from the parties to reconsider the sentence. Rule 35, F.R. Crim.P. If such a motion is made, that Court may then consider United States v. Stephens, 449 F.2d 103 (9th Cir., 1971); United States v. Caraballo, 334 F.Supp. 843 (S.D.N.Y. July 19, 1971), aff'd without opinion (2d Cir. Oct. 7, 1971), and United States v. Fiotto, Dkt. 71–1651, currently pending in this court, concerning the effect of the repeal of certain statutory provisions having to do with sentence.