**KEW GARDENS JOINT VENTURE, a general partnership, etc., Petitioner,**

v.

**DISTRICT OF COLUMBIA HOUSING RENT COMMISSION, Respondent.**

No. 9832.

District of Columbia Court of Appeals.

Argued Jan. 14, 1976.

Decided June 23, 1976.

---

Eric Von Salzen, Washington D. C., with whom Martin Klepper Washington, D. C., was on the brief, for petitioner.

David P. Sutton, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis

Murphy, Corp. Counsel, Washington, D. C., at the time the brief was filed, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondent.

Before REILLY, Chief Judge, and KELLY and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This case represents yet another effort by a landlord to obtain review by this court of an order of the District of Columbia Housing Rent Commission denying the landlord's petition to increase rents.[1] The Housing Rent Commission contends, as it has done in the past, that the judicial review provision established in the Rent Control Act of 1973[2] is controlling and thus the Superior Court and not this court is the proper court in which to seek review. Because we agree with this contention and find that we are without jurisdiction, we dismiss.

The Rent Control Act of 1973 granted to the District of Columbia Council the power to enact for one year regulations necessary and appropriate to stabilize and regulate rents for dwellings in the District of Columbia. This authority was granted with the proviso that any regulations so enacted must allow landlords to pass through to their tenants increased costs incurred by the landlords. D.C.Code 1974 Supp., § 45–1622(a). The Act also authorized the Housing Rent Commission to grant exemptions to landlords in cases of serious financial hardship. D.C.Code 1974 Supp., § 45–1623(d)(2). Pursuant to the Act, the City Council passed regulations establishing a rent control scheme for the District.[3] Those regulations permitted a landlord to petition the Housing Rent Commission for

---

1. *See Columbia Realty Venture v. District of Columbia Housing Rent Commission*, D.C. App., 350 A.2d 120 (1975).

2. D.C.Code 1974 Supp., § 45–1621 *et seq.*

3. Regulation No. 74–20, 21 D.C.Register 289 (August 6, 1974).

adjustments in the rent ceiling if the landlord would otherwise suffer hardship.[4] Relying upon these regulations and upon the underlying Rent Control Act, the petitioner in the present case filed with the Housing Rent Commission on April 20, 1975, a request for rent ceiling adjustments on the 149 apartments in its apartment building. That request sought an adjustment based upon (1) an inability to earn a reasonable return, and (2) unavoidable increases in operating costs and maintenance expenses. Three weeks later the Commission denied the petitioner's request because of the Commission's inability to act upon the petitioner's request within the 60-day deadline specified in Regulation 74-20. Service of this order was not effected until July 12, 1975, a date well after the expiration of the one-year authorization granted by the Rent Control Act of 1973. The petitioner then filed in this court a petition for review of the Commission's order.

In granting authority to the District of Columbia Council to enact rent control regulations, Congress was interested in establishing a rent control system which would protect tenants from unnecessary and unconscionable rent increases without requiring landlords to carry the full burden of withstanding the economic hardships caused by the vicissitudes of the economy. *See* H.R.Rep.No.259, 93d Cong., 1st Sess. 1-3 (1973); S.Rep.No.384, 93d Cong., 1st Sess. 1, 3-4 (1973). Thus, Congress provided that increased costs incurred by the landlord should be passed through to the tenant and that the Council, if it saw fit, could provide in the rent control regulations for rent increases in cases of undue hardship. Congress also integrated a savings clause into the Act so that the rights granted under the Act could be enforced even after the expiration of the Act. The savings clause provides that

as to . . . rights or liabilities incurred, prior to such termination date,

the provisions of [this subchapter] and such rules, orders, and requirements, shall be treated as still remaining in force for the purpose of sustaining any proper suit . . . with respect to any such right [or] liability. . . . [*See* D.C.Code 1974 Supp., § 45-1627 (a).]

This court held in a companion case recently decided that this savings clause causes the landlords' right to a passthrough of increased operating costs to vest. *See Apartment and Office Building Association of Metropolitan Washington v. Moore,* D.C.App., 359 A.2d 140 (No. 10601, June 14, 1976). By analogy, the landlords' right to hardship increases, a right stated in the regulations promulgated pursuant to the Act, similarly vests as a result of this clause. Section 45-1627(a) not only vests the landlords' rights to these rent increases; it also specifies the court in which vindication of these rights is to be sought. The judicial review provision of the Act remains in force as a result of the savings clause. That judicial review provision names the Superior Court and not the Court of Appeals as the proper forum for review of Rent Commission orders. *See* D.C.Code 1974 Supp., § 45-1625.

Petitioner filed its request for a raise in the rent ceilings in its building before the expiration of the Rent Control Act. The basis for the request was the increased costs incurred by it and the hardship suffered by it as a result of its inability to earn a reasonable return. The right to raise rents based on these two grounds vested in the petitioner as a result of the language of the Rent Control Act. Because substantive rights vested under that Act were sought to be vindicated, the procedure established by the Act for vindicating those rights should be followed. That procedure entails the filing of a petition for review in the Superior Court.

---

4. Rent Control Regulation for the District of Columbia, §§ 6-7, 21 D.C.Register 289, 295-97 (August 6, 1974).

The Supreme Court has noted the distinction between the repeal or expiration of statutes solely jurisdictional and the repeal or expiration of statutes which create rights and also prescribe how the rights are to be vindicated.

> In the latter statutes, "substantive" and "procedural" are not disparate categories; they are fused components of the expression of a policy. When the very purpose of Congress is to take away jurisdiction, of course it does not survive, even as to pending suits, unless expressly reserved. . . . If the aim is to destroy a tribunal or to take away cases from it, there is no basis for finding saving exceptions unless they are made explicit. But where the object of Congress was to destroy rights in the future while saving those which have accrued, to strike down enforcing provisions that have special relation to the accrued right and as such are part and parcel of it, is to mutilate that right and hence to defeat rather than further the legislative purpose. . . . [*De La Rama Steamship Co. v. United States*, 344 U.S. 386, 390, 73 S.Ct. 381, 383, 97 L.Ed. 422 (1953).]

In the instant case, Congress has specified both the rights and the means by which those rights are to be enforced. After the expiration of the Rent Control Act of 1973, the rights enunciated by Congress in that Act and by the District of Columbia Council in the regulations passed pursuant to the Act would exist only to the extent that such rights are constitutionally mandated. Since the rights granted under the Rent Control Act and the regulations would not necessarily be coextensive with the rights granted under a succeeding rent control statute, the termination of the Rent Control Act could well result in the denial of those rights specified in the Act and the regulations which accrued after the termination date of the Act. Consequently, the present situation is closely akin to the situation to which the Supreme Court addressed itself in the *De La Rama Steamship* case,

*supra.* The proper course for the petitioner thus would be to seek review in the statutorily-prescribed court, the Superior Court.

The petitioner argues that although Congress did grant jurisdiction to the Superior Court to review orders of the Housing Rent Commission, such a grant does not deprive this court of jurisdiction. This argument overlooks the legislative history of the Rent Control Act pointed out by this court in *Columbia Realty Venture v. District of Columbia Housing Rent Commission*, D.C.App., 350 A.2d 120 (1975). In that opinion we noted that Congress dropped Delegate Fauntroy's original provision placing the right of judicial review in this court and instead specifically placed such review in the Superior Court. Furthermore, we observe that § 45–1625, which gives aggrieved persons the option to seek judicial review, allows for the exercise of that option only in the Superior Court. The statute does not mention the Court of Appeals as a forum for initial review. Indeed, a trial court is a more appropriate forum for review of rent control decisions since it is better equipped to deal with the myriad of factual questions arising from the application of the rent control laws. See *Columbia Realty Venture v. District of Columbia Housing Rent Commission, supra; Housing and Development Administration of the City of New York v. Community Housing Improvement Program, Inc.*, 83 Misc.2d 977, 374 N.Y.S.2d 520 (1975).

We also note that petitioner is a member of the class of plaintiffs in *Apartment and Office Building Association of Metropolitan Washington v. Washington*, D.C.App., 343 A.2d 323 (1975). Since our remand in that case, the trial court has certified it as a Rule 23(b)(2) class action, and it is apparent that relief of the kind sought here is presently available to petitioner. See *Apartment and Office Building Association of Metropolitan Washington v. Moore, supra.*

Inasmuch as the rights sought to be vindicated by the petitioner vest as a result of the Rent Control Act, and since that Act specifies the Superior Court as the proper court in which to seek such vindication, we dismiss the instant petition.

*So ordered.*