334 So.2d 314 (1976)
Mary WILLIAMS, Appellant,
v.
Gordon GUND et al., Appellees.
No. 74-1538.
District Court of Appeal of Florida, Second District.
June 25, 1976.
Rehearing Denied July 23, 1976.
Richard J. Salem of Salem & Salem, Tampa, for appellant.
John W. Puffer, III, and Norman Stallings, Jr., of Shackleford, Farrior, Stallings & Evans, Tampa, for appellees.
PER CURIAM.
Defendant/appellant contends that the circuit court lacked jurisdiction to consider this action for damages and for unlawful detainer of real property. We agree and reverse.
Plaintiffs/appellees filed their complaint in circuit court on August 7, 1973, claiming they had been wrongfully deprived of the possession of certain property. They asked for a determination of the right to possession of that property, and also asked for damages based on its rental value. However, the complaint did not set *315 forth an allegation of the amount in controversy.
At the time the complaint was filed, Fla. Stat. § 26.012 provided:
"(2) [Circuit courts] shall have exclusive original jurisdiction:
* * * * * *
(g) In all actions involving the title, boundaries, or right of possession of real property."
This section, as well as Fla. Stat. § 34.011(2) (which deals with jurisdiction of the county court) were amended in Ch. 74-209, effective June 18, 1974, to give the county court jurisdiction of this type of action. We think it clear that the circuit court no longer has jurisdiction of such a claim unless it involves damages of over $2500.
Following the effective date of Ch. 74-209, appellant moved to transfer the cause to county court. The motion was denied. Appellees never moved to amend their complaint to allege an amount in controversy over $2500.
At the trial, which commenced on October 2, 1974, the jury found for appellees and awarded them $2,850.
We agree with appellant that Ch. 74-209 applied to this case, even though the complaint had been previously filed. In State v. Revels, Fla. 1959, 109 So.2d 1, the court said:
"While no decision on the point has been made by this court, it appears to be universally held in the courts of other states and the federal courts that when the jurisdiction of a court depends upon a statute which is repealed or otherwise nullified, the jurisdiction falls even over pending causes, unless the repealing statute contains a saving clause... .
"We adopt the rule as to the effect of the repeal of a jurisdictional statute, as stated above, as supported by both reason and authority. As stated in De La Rama S.S. Co. v. United States, supra, 344 U.S. 386, 73 S.Ct. 381, 383, [97 L.Ed. 422], `When the very purpose of Congress is to take away jurisdiction, of course it does not survive, even as to pending suits, unless expressly reserved. * * * If the aim is to destroy a tribunal or to take away cases from it, there is no basis for finding saving exceptions unless they are made explicit.'"
Ch. 74-209 contains no such saving clause.
Furthermore, under the amended statute, the circuit court lacked jurisdiction, even though the damages ultimately awarded were in excess of $2500. The complaint must contain a statement of the grounds upon which the court's jurisdiction depends, RCP 1.110(b), in this case, the amount in controversy. It is well settled that where the jurisdiction of the circuit court is dependent on the amount in controversy the test is the amount claimed and put into controversy in good faith. Massachusetts Casualty Ins. Co. v. Johansen, Fla.App.3d 1972, 270 So.2d 397. Despite appellant's objection to jurisdiction in the circuit court, appellees never requested leave to amend their complaint to include the amount in controversy.
Under federal procedure this omission might not have been fatal to appellees' case, for 28 U.S.C. § 1653 provides:
"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."
But we are unaware of any similar authority in this state. Assuming arguendo that RCP 1.190(b) could apply to confer jurisdiction in an appropriate case, cf. Canadian Indemnity Co. v. Republic Indemnity Co., 9th Cir.1955, 222 F.2d 601, we note that appellant objected to proceeding in the circuit court, and therefore, the existence of the required jurisdictional amount was not an issue tried by consent of the parties.
REVERSED and REMANDED for further proceedings.
HOBSON, A.C.J., and GRIMES and SCHEB, JJ., concur.