Roley F. BARTHELEMY, Petitioner,

Director, Office of Workers' Compensation Programs, United States Department of Labor, Intervenor,

v.

J. RAY McDERMOTT & COMPANY, INC. and Travelers Insurance Company, Respondents.

No. 74–3196.

United States Court of Appeals, Fifth Circuit.

Aug. 18, 1976.

Wilson M. Montero, Jr., New Orleans, La., for petitioner.

Peter J. Brennan, Secretary of Labor, U. S. Dept. of Labor, Linda L. Carroll, Atty., George M. Lilly, Counsel, Dept. of Labor, Washington, D. C., for intervenor.

Frank C. Allen, Jr., New Orleans, La., for J. R. McDermott and Travelers Ins.

Before GEWIN, COLEMAN and GOLD-BERG, Circuit Judges.

GEWIN, Circuit Judge:

Petitioner-claimant Roley F. Barthelemy petitions this court for review of an order entered by the Benefits Review Board, Department of Labor, setting aside an award of compensation made by the deputy commissioner, Department of Labor. Barthelemy filed a claim for workmen's compensation benefits pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., against his employer, J. Ray McDermott & Co., and his employer's insurance carrier, based on injuries allegedly sustained in the course of his employment on June 6, 1971. On September 7, 1972, the first of a two-part administrative hearing was held before a deputy commissioner of the Department of Labor; this hearing was directed toward the jurisdictional issue of whether Barthelemy's injury occurred upon the navigable waters of the United States.

On October 27, 1972, the Longshoremen's and Harbor Workers' Compensation Act Amendments of 1972 were enacted, with an effective date thirty days thereafter. Pub.L. No. 92–576, 86 Stat. 1251. Included in the amendments as section 14 was the following:

Section 19(d) of the Longshoremen's and Harbor Workers' Compensation Act [33 U.S.C. § 919(d)] is amended to read as follows:

"(d) *Notwithstanding any other provisions of this Act, any hearing* held under this Act shall be conducted in accordance with the provisions of section 554 of title 5 of the United States Code. Any such hearing *shall be conducted by a hearing examiner* qualified under section 3105 of that title. *All powers, duties, and responsibilities* vested by this Act, on the date of enactment of the [1972 amendments], in the deputy commissioners with respect to such hearings *shall be vested* in such hearing examiners.

(Emphasis added).

On January 9, 1974, after the effective date of the amendments, the deputy commissioner continued the hearing for the purpose of receiving medical evidence on the issue of causation. Thereafter, he filed a compensation order holding that Barthelemy's injury occurred upon the navigable waters of the United States and that as a result of the injury he was temporarily totally disabled.

Barthelemy's employer and its insurer appealed to the Benefits Review Board, pursuant to 33 U.S.C. 921(b), asserting that there was insubstantial evidence to support the findings and award. The Board, however, relying upon its decisions in *Neal v. Strachan Shipping Co.*, BRB No. 74–105 (June 21, 1974), and *RMK-BRJ v. Weinman*, BRB No. 140–73 (June 26, 1974), vacated and remanded the compensation award, holding that "the deputy commissioner was without jurisdiction to hold a hearing after the effective date of the amendment to section 19(d) of the Act . . . ." *J. Ray McDermott & Co. v. Barthelemy*, BRB No. 74–109, slip opinion at 2 (June 27, 1974). In the *Weinman* case, the Board had considered the effect of the amendments on pending actions and concluded as follows:

> Prior to the 1972 amendments, the deputy commissioner had both administrative duties and full adjudicatory authority. However, the amendment of section 19 of the Act, 33 U.S.C. § 919, conferred the adjudicatory powers on hearing examiners, or administrative law judges, qualified under the Administrative Procedure Act, 5 U.S.C. § 554, divesting the deputy commissioner of the authority to hold hearings after the effective date of that amendment. . . .

> \* \* \* \* \* \*

> Accordingly, the Board finds that . . . the deputy commissioner was without jurisdiction to hold a hearing after the effective date of the amendment regardless of whether there was jurisdiction when the hearing was begun. . . . Consequently, he was without authority to issue an order pursuant to that hearing.

*Weinman, supra,* slip opinion at 2–4.

■ Barthelemy petitioned this court for review, and we granted the director of the Labor Department's Office of Workers' Compensation leave to intervene on Barthe-

lemy's behalf. Despite the fact that the Benefits Review Board did not reach the merits of the case, respondents J. Ray McDermott & Co. and its insurer would have us rule on the sufficiency of the evidence to support the deputy commissioner's award. We decline this invitation to bypass the procedures Congress has ordained, and address as the only issue before us the effect of the 1972 amendment of section 19(d) of the Longshoremen's and Harbor Workers' Compensation Act on the jurisdiction of the deputy commissioner over this action. For the reasons set out below, we conclude that the Benefits Review Board correctly held that the amendments divested the deputy commissioner of the authority to continue the hearing, and we therefore deny the petition for review.

Petitioners concede the absence of any specific savings provision, but they argue that Congress intended the deputy commissioners to retain authority over all cases pending on the effective date of the 1972 amendments, primarily because, it is asserted, a contrary conclusion would defeat the congressional purpose of providing a prompt system of compensation. They point out that prior to the amendments, section 19(d) did not identify, define, or relate to the hearing powers of deputy commissioners,[1] and the amendments did not explicitly repeal those provisions that do relate to the deputy commissioners' hearing power.[2] From this they conclude that Congress did not intend to repeal the hearing powers of deputy commissioners over pending cases, and that only hearings initiated after the effective date of the amendments were to be conducted by hearing examiners or administrative law judges. In other words, as the Seventh Circuit recently said of a similar argument, petitioners "would seem to be saying that the amended section 919(d) does not mean what it rather clearly seems to say." *Du Puy v. Director, Office of Workers' Compensation Programs*, 519

---

1. Before the amendments, the section read as follows:

> (d) At such hearing the claimant and the employer may each present evidence in respect of such claim and may be represented by any person authorized in writing for such purpose.

33 U.S.C. § 919(d) (1970 ed.).

2. *E. g.,* 33 U.S.C. §§ 919(c) & 923.

F.2d 536, 540 (7th Cir. 1975), *cert. denied,* 424 U.S. 965, 96 S.Ct. 1459, 47 L.Ed.2d 732 (1976). Finally, petitioners argue that even if the amendments could be interpreted as a repeal of the deputy commissioners' hearing powers, those powers are preserved for cases pending on the effective date by the General Savings Statute, 1 U.S.C. § 109.[3]

■ We find petitioners' arguments unpersuasive and contrary to well-settled principles. In the landmark case of *Ex parte McCardle,* the Supreme Court held that a congressional withdrawal of jurisdiction deprived it of the power to act on pending as well as future cases. *Ex parte McCardle,* 7 Wall. 506, 19 L.Ed. 264 (1868).[4] More recently, the Court examined a statute giving the Secretary of the Interior exclusive and final authority to determine the heirs of certain Indian intestates; the plaintiff argued that the district court, which had jurisdiction when the claim arose, should hear his claim. The Court held that the district court lacked jurisdiction over the matter. In response to plaintiff's contention that the General Savings Statute preserved jurisdiction in his case, it stated:

. . . [T]he reference of the matter to the Secretary . . . takes away no substantive right, but simply changes the tribunal that is to hear the case. In doing so it evinces a change of policy, and an opinion that the rights of the Indians

can be better preserved by the quasi paternal supervision of the general head of Indian affairs. The consideration applies with the same force to all cases, and was embodied in a statute that no doubt was intended to apply to all, so far as construction is concerned.

*Hallowell v. Commons,* 239 U.S. 506, 508, 36 S.Ct. 202, 203, 60 L.Ed. 409, 410 (1916). And in *Bruner v. United States,* 343 U.S. 112, 72 S.Ct. 581, 96 L.Ed. 786 (1952), the Court noted, "This rule—that, when a law conferring jurisdiction is repealed without any reservation as to pending cases, all cases fall with the law—has been adhered to consistently by this Court." *Id.* at 116–17, 72 S.Ct. at 584, 96 L.Ed. at 790 (footnote omitted). *Accord, e. g., Adams v. Brinegar,* 521 F.2d 129 (7th Cir. 1975); *Koger v. Ball,* 497 F.2d 702 (4th Cir. 1974); *De Rodulfa v. United States,* 149 U.S.App.D.C. 154, 461 F.2d 1240, *cert. denied,* 409 U.S. 949, 93 S.Ct. 270, 34 L.Ed.2d 220 (1972); *Turner v. United States,* 410 F.2d 837 (5th Cir. 1969); *Merge v. Troussi,* 394 F.2d 79 (3d Cir. 1968). As it had in *Hallowell,* the Court in *Bruner* again rejected a contention that the General Savings Statute preserved the power to act on pending cases: "Congress has not altered the nature or validity of petitioner's rights or the Government's liability but has simply reduced the number of tribunals authorized to hear and determine such rights and liabilities." *Bruner, supra* at 117, 72 S.Ct. at 584, 96 L.Ed. at 791. Thus, it is

**3.** § 109. Repeal of statutes as affecting existing liabilities

The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of. sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability. The expiration of a temporary statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the temporary statute shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

**4.** *Accord Merchants' Ins. Co. v. Ritchie,* 5 Wall. 541, 544, 18 L.Ed. 540, 541 (1867): "It is clear that, when the jurisdiction of a cause depends upon a statute, the repeal of the statute takes away the jurisdiction . . . .. And it is equally clear that where a jurisdiction, conferred by statute, is prohibited by a subsequent statute, the prohibition is, so far, a repeal of the statute conferring the jurisdiction.'' And in *Gates v. Osborne,* 9 Wall. 567, 575, 19 L.Ed. 748, 751 (1870), the Court opined: "Jurisdiction . . . was conferred by an Act of Congress, and when that Act of Congress was repealed the power to exercise such jurisdiction was withdrawn, and inasmuch as the repealing act contained no saving clause, all pending actions fell, as the jurisdiction depended entirely upon the Act of Congress."

clear that while the General Savings Statute may preserve an accrued right, it does not preserve the right to have a claim heard by any particular tribunal. *See Bridges v. United States,* 346 U.S. 209, 227 n. 25, 73 S.Ct. 1055, 97 L.Ed. 1557, 1571 n. 25 (1953); *Aure v. United States,* 225 F.2d 88 (9th Cir. 1955).

The intervening petitioner argues, however, that *De La Rama Steamship Co. v. United States,* 344 U.S. 386, 73 S.Ct. 381, 97 L.Ed. 422 (1953), supports its argument. *De La Rama* presented the question whether a pending claim for war risk insurance benefits, filed in the district court, fell when the War Risk Insurance Act, which had conferred jurisdiction on that court, was repealed. The government did not deny liability, but asserted that the action must be filed in the Court of Claims, as the repeal had divested the district court of jurisdiction. Examining the effect of the General Savings Statute, the Court concluded that on the facts of that case, section 109 preserved the district court's jurisdiction, because a contrary conclusion would "diminish substantially the recoverable amount, since in a district court sitting in admiralty interest accrues from the time of filing, . . . while in the Court of Claims interest does not begin to run until the entry of judgment." *Id.* at 390, 73 S.Ct. at 383, 97 L.Ed. at 425. Therefore, the right created by the repealed statute and the procedure for enforcing that right were so bound together that section 109 could not fully preserve the right without also preserving the procedure. Petitioner argues that in the instant case also, the accrued right to recover and the procedure for enforcing a claim are so intertwined that section 109 must preserve the deputy commissioners' powers over pending claims. Petitioner's analogy is wholly unpersuasive; the *De La Rama* opinion and the legislative history of the 1972 amendments refute this contention. We find the following language of Justice Frankfurter in *De La Rama* particularly instructive on the question before us:

The Government rightly points to the difference between the repeal of statutes

solely jurisdictional in their scope and the repeal of statutes which create rights and also prescribe how the rights are to be vindicated. In the latter statutes, "substantive" and "procedural" are not disparate categories; they are fused components of the expression of a policy. *When the very purpose of Congress is to take away jurisdiction, of course it does not survive, even as to pending suits, unless expressly reserved.* . . . If the aim is to destroy a tribunal or to take away cases from it, there is no basis for finding saving exceptions unless they are made explicit. But where the object of Congress was to destroy rights in the future while saving those which have accrued, to strike down enforcing provisions that have special relation to the accrued right and as such are part and parcel of it, is to mutilate that right and hence to defeat rather than further the legislative purpose. . . . In repealing the [Act] . . . ., Congress was concerned not with jurisdiction, not with the undesirability of the district courts and the suitability of the Court of Claims as a forum for suits under that Act. It was concerned with terminating war powers after the "shooting war" had terminated.

*Id.* at 390–91, 73 S.Ct. at 383–84, 97 L.Ed. at 425–26 (emphasis added). Ours is *not* a case where the enforcing provisions have a "special relation to the accrued right." By amending section 19(d) of the Act, Congress merely divested the deputy commissioners of the power to conduct hearings and provided that those powers should thereafter be exercised by hearing examiners or administrative law judges. The legislative history reveals the reason for this change:

It is the committee's belief that the administration of the Longshoremen's and Harbor Workers' Compensation Act has suffered by virtue of the failure to keep separate the functions of administering the program and sitting in judgment in the hearings. Moreover, with the new responsibilities that will devolve upon the Secretary with the passage of this bill it will be extremely important to have full

time able administrators who will not also have to wear the dual hat of being hearing officers for purposes of the disputes brought under this statute.

H.R.Rep. No. 92–1441, 92d Cong., 2d Sess. (1972), reprinted in 1972 U.S.Code Cong. & Admin.News, pp. 4698, 4708. As this statement of purpose makes abundantly clear, this case, unlike *De La Rama,* is one where "the very purpose of Congress is to take away jurisdiction." The amendment of section 19(d) of the Act did not itself affect substantive rights. It merely substituted administrative law judges for deputy commissioners as those empowered to conduct hearings, thus evincing a change of congressional policy, based on the conclusion that administrative and adjudicatory functions under the Act should be separated to better effectuate its purposes and policies. *See Hallowell, supra.*

Petitioners' arguments boil down to a plea to this court to legislate where Congress has failed to do so. It may be that Congress could have ensured a more orderly transition had it made some provision for the disposition of cases pending at the time the amendments took effect. But it did not do so, and as a result this case falls squarely within the rules discussed above. There was no express savings clause in the amendments, and the legislative history reveals no intent that deputy commissioners dispose of pending cases. The section with which we are concerned here is purely jurisdictional in character, and therefore is "not of the type that the General Savings Statute safeguards against statutory amendments or repeals." *De Rodulfa, supra* at 1255.

The petition is DENIED.