640 So.2d 181 (1994)
FLORIDA BIRTH-RELATED NEUROLOGICAL INJURY COMPENSATION ASSOCIATION, Petitioner,
v.
Michael J. DeMARKO, as Judge of Compensation Claims, and Mary E. Thomas, on Behalf of Bradley Thomas, Respondents.
No. 93-3669.
District Court of Appeal of Florida, First District.
August 1, 1994.
*182 Stephen M. Masterson of McConnaughhay, Roland, Maida, Cherr & McCranie, Pensacola, for petitioner.
Michael J. DeMarko, in pro per.
Karen O. Emmanuel of Emmanuel, Sheppard, & Condon, Pensacola, for respondent Mary E. Thomas.
PER CURIAM.
A petition for writ of prohibition challenges the retention of jurisdiction of the judge of compensation claims over an action brought under the Florida Birth-Related Neurological Injury Compensation Act (the Act), sections 766.301-766.316, Florida Statutes (1988). While judges of compensation claims had jurisdiction over claims originally brought under the Act, an amendment to section 766.304 transferred jurisdiction over such claims to the Division of Administrative Hearings. Because of the effect of the amendment, we determine that the judge of compensation claims has lost jurisdiction over the claim, and we grant the writ.
In 1991, Mary E. Thomas brought a claim under the Act on behalf of her son. A final hearing was held before JCC Michael J. DeMarko in January of 1993, but a final order was not entered. The amendment to section 766.304 transferred jurisdiction over such claims to the Division of Administrative Hearings effective May 15, 1993. Despite the fact that jurisdiction now lies with the Division of Administrative Hearings, the respondents urge this court to allow the judge of compensation claims to enter a final order because he has already conducted the final hearing. While we agree that judicial resources would be conserved if the judge of compensation claims could enter the final order, he lacks jurisdiction to do so.
It is well settled that "[r]emedial or procedural statutes do not fall within the constitutional prohibition against retroactive legislation and they may be held immediately applicable to pending cases." Village of El Portal v. City of Miami Shores, 362 So.2d 275, 278 (Fla. 1978). A statute transferring jurisdiction from one quasi-judicial tribunal to another is procedural in nature. In State ex rel. Arnold v. Revels, 109 So.2d 1, 3 (Fla. 1959), the court held that "when the jurisdiction of a court depends upon a statute which is repealed or otherwise nullified, the jurisdiction falls even over pending causes, unless the repealing statute contains a savings clause." Quoting De La Rama S.S. Co. v. United States, 344 U.S. 386, 390, 73 S.Ct. 381, 383, 97 L.Ed. 422 (1953) the court stated that
[w]hen the very purpose of Congress is to take away jurisdiction, of course it does not survive, even as to pending suits, unless expressly reserved... . If the aim is to destroy a tribunal or to take away cases from it, there is no basis for finding saving exceptions unless they are made explicit.
Here the statute was amended, not repealed, but we believe the rule of law announced in State ex rel. Arnold controls. Because section 766.304 contains no explicit savings clause, the judge of compensation claims has lost jurisdiction over the cause and jurisdiction now lies with the Division of Administrative Hearings.
WRIT ISSUED.
ERVIN, BOOTH and ALLEN, JJ., concur.